F. E. WATKINS, APPELLANT, V. CHARLES A. YOULL ET AL., APPELLEES.

FILED OCTOBER 7, 1903. No. 12,598.

1. **Specific Performance.** In a written agreement for the sale of real estate consisting of three quarter sections, it was stipulated on behalf of the vendee that he might elect not to take any of the quarter sections, if he could not also obtain the conveyance of a fourth quarter section. The vendee failed to obtain a conveyance of the fourth quarter section, and elected to take the three quarter sections. *Held*, That he was entitled to specific performance of the agreement to convey:

2. **Executory Contract:** OFFER TO CONVEY. A vendor under an executory contract to convey real estate, on the day of performance, presented himself at the bank where his deed had been deposited as an escrow, offered to convey and demanded the purchase money; the demand was refused, and it was several days before the vendee concluded to take the land. *Held*, That the vendor was relieved from the obligation to perform.

3. **Homestead:** CONTRACT TO CONVEY: SPECIFIC PERFORMANCE. A contract to convey a homestead was signed only by the husband, but both husband and wife signed and acknowledged a deed for such homestead, placing the deed in escrow to await the payment of the purchase price. The acknowledgment was taken before a notary who was disqualified by reason of his direct pecuniary interest in the conveyance. *Held*, That the vendee was not entitled to a specific performance of his contract as to such homestead.

4. **Tender.** A vendor under an agreement to convey real estate, on the day of performance of the contract, appeared at a bank where he had placed a deed for the land in escrow and demanded the purchase money. He was tendered a check signed by the vendee, but refused it. The cashier then offered to cash the check and give him the money. *Held*, That the vendee was entitled to a conveyance.

5. **Contract:** CONSTRUCTION. Contract for the conveyance of real estate between a vendee and three vendors, each owners of separate tracts of land, construed, and held to be severable and independent as to each vendor.

APPEAL from the district court for Boyd county: JAMES J. HARRINGTON, JUDGE. *Affirmed in part.*

*McNutt & White, A. H. Tingle, James M. Woolworth* and *William D. McHugh,* for appellant.

*W. T. Wills* and *Michael F. Harrington, contra.*

KIRKPATRICK, C.

This is a suit brought to enforce the specific performance of a contract entered into between the parties to this case for the sale of certain lands located in Boyd county. Judgment was entered by the trial court, refusing specific performance and dismissing the petition of plaintiff for want of equity. The cause is brought to this court by appeal by plaintiff. The only question involved is whether the judgment of the trial court is right under the pleadings and evidence. The contract upon which the suit is founded is in the language following:

"BUTTE, NEBRASKA, MAY 24, 1901.

"It is hereby agreed by and between the parties hereto that the warranty deeds, to wit: for the norteast quarter of section 17, township 34, range 12, and the northwest quarter of section 17, and the southwest quarter of section 17; together with the checks hereto attached, each, be deposited in the bank of Butte, at Butte, Nebraska. F. E. Watkins or his agent agrees to pay the sum of $1,975 for the northeast quarter of section 17, and $2,550 for the northwest quarter of said section 17, and $600 for the southwest quarter of said section 17, on or before June 15, 1901. The several grantors mentioned in said deeds agree to furnish abstracts of title, showing clear title to said land, to be delivered on payment of said sums of money mentioned; and three checks of F. E. Watkins, for the sum of $125 each, shall be considered part of the purchase price herein mentioned for said described lands; and, in case said F. E. Watkins shall fail to pay the balance of said purchase price in case mentioned, said checks shall be delivered to the grantors named in said deeds, together with said deeds, and this contract shall, in such case,

be determined. Provided further, that, in case Ezra S. Bell and wife shall fail to convey to F. E. Watkins the southeast quarter of said section 17, township 34, range 12, in accordance with the contract of date May 24, 1901, then and in that case, the deeds herein mentioned shall be delivered to the grantors named therein, at the option of F. E. Watkins, and the checks shall be returned to F. E. Watkins.

C. A. YOULL.

"H. C. BELL.

"H. A. BELL.

"F. E. WATKINS,

"By J. E. DE FORREST, *Agent.*"

Separate answers were filed by the owners of the several tracts of land. These answers need not be set out in detail; it will suffice to say that the answers present the defenses following:

*First:* Want of mutuality in the contract; that it was a mere option, so far as the purchaser was concerned, and that being unenforceable as to the purchaser, it would not be specifically enforced as against the grantors named therein.

*Second:* That Hiram A. Bell tendered performance of the contract on the 15th day of June, the day performance was due; and that the agent of the purchaser, acting for him, declined to carry out the contract, and to pay the purchase price, because the contract made by Ezra S. Bell for the southeast quarter of the section, and of date of May 24, had not been consummated by Ezra S. Bell's procuring his wife's signature to the deed; and that, on the failure of the purchaser to carry out the contract, on the day named, Hiram A. Bell declined to be further bound by the contract, and demanded the surrender of his deed.

*Third:* That the land owned by Charles A. Youll and wife was a homestead, and that the deed had never been acknowledged before an officer competent to take an acknowledgment, and, therefore, the conveyance could not be enforced as against them.

*Fourth:* That the contract was an entirety and not severable, and being unenforceable as to the Youlls and Hiram A. Bell, it could not be enforced as to the remaining defendants, H. C. Bell and wife.

Regarding the first contention, it may be said that we are of opinion that the want of mutuality in a contract is no defense. Defendants saw fit to enter into the contract, worded as it is, leaving with the plaintiff, under its terms, the option not to complete the contract if Ezra S. Bell and wife failed to convey. It is contended by counsel that under the rule in this state, a unilateral contract will not be enforced. We do not so recognize the rule. The opposite doctrine seems to have been firmly established in this state by the decisions of this court in *Bigler v. Baker,* 40 Neb. 325, and other cases therein cited. We are therefore of the opinion that the answers, so far as the plea of want of mutuality is concerned, fail to state a defense.

It is disclosed by the evidence that the trial court was justified in finding that H. A. Bell appeared at the bank in Butte where the papers had been deposited in escrow, and notified the holder of the papers that he was ready to complete the transfer, and that he desired the money for his land. It is further disclosed by the evidence that De Forrest, who was acting as the agent for the purchaser, had gone to the bank in the morning of the same day and deposited three checks with the cashier, covering the purchase price of the three tracts of land, and had taken up and destroyed the three forfeit checks of $125 each, which had been deposited with the deeds. It is further disclosed that Ezra S. Bell and wife had failed to execute a deed for the southeast quarter of the section. Accordingly, De Forrest, when he left the three checks with the cashier, told him to close up the sale with Youll and H. C. Bell, providing the abstracts were all right, and to give them the checks, and take their deeds. But he directed the cashier not to deliver the purchase price for the land of H. A. Bell, but to hold that matter for a few days, to see if they could not get the deed for the fourth quarter from Ezra S. Bell and

wife.  The lands owned by the father, H. C. Bell, a son, H. A. Bell, a son-in-law, C. A. Youll, and another son, Ezra S. Bell, composed an entire section of land.  Watkins, in his contract, reserved the option not to take any of the lands if he failed to get that of Ezra S. Bell, the deal between Watkins and Ezra S. Bell being included in another and separate contract.  A forfeit of $25 was put up by each of the parties to that contract.  Ezra S. Bell signed the deed and was to procure the signature of his wife, and, on failure so to do, he was to forfeit the $25 which he had deposited.  It is probable that the purpose of De Forrest, in declining to close up the deal with H. A. Bell, was to see, if holding it open, Ezra S. Bell could not still be induced to convey.  However, whatever the purpose, we are of opinion that H. A. Bell, having appeared on the day performance of the contract was due, and tendering performance, which was declined, was no longer bound to carry out the contract, and that a court of equity ought not to specifically enforce the contract as against him, as it appears that it was several days later before the purchaser concluded to take the quarter owned by him.  We are therefore of opinion that the judgment of the trial court in so far as the quarter of H. A. Bell is concerned, is right and should be affirmed.

As a third defense in favor of Charles A. Youll and wife, it is contended, and abundantly supported by the proof, that the quarter section which the Youlls were proposing to sell was their homestead.  The deed of conveyance was executed before E. G. Barnum, who was acting as an agent for the purchaser, F. E. Watkins, his contract being that he would assist De Forrest in making purchases of land around Butte, and for each quarter section deeded to Watkins, he should have a commission of $50.  So in the matter of the conveyance of the homestead of the Youlls, the notary public, Barnum, who took the acknowledgment, had a direct pecuniary interest in procuring the conveyance to be made.  We are of opinion that he was disqualified, by reason of this pecuniary interest, to take the acknowledg-

ment. It is clearly against public policy that a notary public, before whom the acknowledgment to a conveyance is taken, should have an interest such as Barnum is shown to have had in the conveyance in question. *Chadron Building & Loan Ass'n v. O'Linn,* 1 Neb. (Unof.) 1. It follows that as to the northwest quarter, the judgment of the trial court is right and should be affirmed.

It is finally contended that the contract was joint and entire, and that, being unenforceable as to some of the defendants, it can not be enforced as to Hiram A. Bell. We are unable to find merit in this contention. The contract of each of the defendants is plainly independent and severable. The undisputed testimony shows that the money necessary to pay the purchase price due Hiram C. Bell was in the bank at Butte on the 15th day of June, when performance was due. A check covering the purchase price had been deposited with the cashier of the bank. H. C. Bell objected to this check, claiming that he did not sell his land for a check but for money. This objection does not merit consideration. The cashier informed him that he could obtain the money on the check. We are unable to see wherein H. C. Bell has presented any defense to plaintiff's cause of action. We are therefore of opinion that the judgment of the trial court as to the defendant H. C. Bell is wrong, and should be reversed. It is therefore recommended that, so far as the judgment of the trial court relates to the quarter section owned by Hiram C. Bell, the judgment be reversed and the cause remanded with directions to the trial court to enter a decree in accordance with the prayer of the petition; and that in all other respects the judgment be affirmed.

DUFFIE and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the trial court, so far as it relates to the quarter section owned by Hiram C. Bell, is reversed, with directions to the trial court to enter a decree in ac-

cordance with the prayer of the petition; in all other respects the judgment is affirmed.

AFFIRMED IN PART.