WILLIAM LUTJEHARMS, APPELLEE, V. M. E. SMITH, APPEL-
LANT.

FILED MARCH 22, 1906.    No. 14,227.

1. **Principal and Agent: RATIFICATION OF CONTRACT: ESTOPPEL.** A principal who ratifies a contract of his agent is thereafter, in the absence of fraud, estopped from denying the authority of the agent to enter into the contract.

2. **Specific Performance.** Where the vendee of real estate. is willing to accept the title of the vendor, the courts will not refuse to compel a specific performance of a contract because of a defect in the title.

APPEAL from the district court for Harlan county: ED
L. ADAMS, JUDGE.   *Affirmed.*

*J. G. Thompson* and *Flansbury & Williams,* for appellant.

*John Everson, contra.*

JACKSON, C.

The action is one to enforce the specific performance of a contract for the sale of real estate.   On August 28, 1903,

O. H. Myers, a real estate agent at Alma, wrote the appellant as follows: "Mr. Smith, Burley, Wash. Dear Sir: I have a man who would like to buy your land in Mullally township if you will make the price right, so what is the very least cash net to you that you will take for the farm, and I will try to get my commission above your price. Make price right and I have a buyer. Give me your net price and I will get my commission above it. Also send me the legal numbers of your land. Please let me hear at once, direct from you. Respt., O. H. Myers." Appellant answered: "Burley, Wash., Sept. 3, 1903. Mr. O. H. Myers, Alma, Neb. Yours of the 28 inst. received and contents noted. My price is $2,500 for land in sections 26 & 27; E. $\frac{1}{2}$ of N. E. $\frac{1}{4}$, E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ section 27 and N. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of section 26. I also have 80 acres in section 25 for which I want $600 N. $\frac{1}{2}$ of S. W. $\frac{1}{4}$. If farm is sold all together $3,000 takes the entire 320 acres. I reserve right to sell at any time. Yours respectfully, M. E. Smith, Burley, Wash." Upon receipt of this communication Myers entered into an agreement with the appellee for the sale of the land. He received $50 on the purchase price and gave the appellee the following memorandum: "Alma, Neb., Sept. 7, 1903. Received of Wm. Lutjeharms $50 to bind contract of sale for the E. $\frac{1}{2}$ of N. E. $\frac{1}{4}$, E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of section 27 and N. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of section 26, and S. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of section 25, all in town 2 range 17, Harlan county, Nebr. Purchase price to be $3,100, said $50 paid to be applied on purchase price; and balance of purchase price to be paid as soon as good warranty deed and abstract is delivered, showing said land to be free of all incumbrance. Full possession of land to be given Mar. 1st, 1904. M. E. Smith, O. H. Myers, Agent. Subscribed and sworn to before me this 7th Sept., 1903. Mary A. Fennessy, Notary Public, Harlan County, Neb. (Seal.) My Commission expires August 27, 1907." He wrote the appellant this letter: "Alma, Neb., Sept. 7, 03. Mr. Smith, Burley, Wash. Dear Sir: I have today sold your land in Mullally township this county for $3,100

cash. $50 has been paid and a contract of sale given
and placed on record at the court house, the balance of
the money will be paid as soon as you get your deeds and
abstracts here. Make deed to William Lutjeharms, and
send same to the Bank of Alma, at Alma, Neb., and the
balance of your money will be ready. Send your abstracts
to S. L. Roberts and have them brought down to date. Mr.
Roberts is the best abstractor in Alma. Mr. Lutjeharms
wants full possession on March first, 1904. This sale in-
cludes the 320 acres. Respt., O. H. Myers." The ap-
pellant answered as follows: "Burley, Wash., Sept. 14, '03.
Mr. O. H. Myers, Alma, Nebr. Dear Sir: Your communi-
cation of the 7th inst. is rec'd and am well pleased with
the result of your negotiations as well as your promptness
in the matter. The patent for the 160 A. in sec. 27 is
in the land office at McCook and I shall be obliged to send
for it, or if it will suit you as well can send you the
papers and let you get it. The 80 A. in sec. 25 was home-
steaded by my mother and willed by her to my sister and
myself as joint heirs. My sister will probably be here
next Sat., Sept. 19, and we will then fix deed and send to'
Wis. for the necessary proof of our legal right to the land
from my mother. Now as to an abstract, the land has
never changed hands, my papers having come directly from
the government, and I do not feel like standing the ex-
pense of securing an abstract. If Mr. Lutjeharms wishes
to stand the expense all right, but I do not consider an
abstract under these conditions necessary, as any one can
with very little trouble refer to records and rec. all need-
ful information. I will stand all expense incurred by
having records brought up to date. Hoping this may
prove satisfactory to you and thanking you for your
trouble in the matter, I remain, Yours respectfully, M. E.
Smith." Upon receipt of this communication Myers wrote
and forwarded appellant the following letter: "Alma,
Neb., Sept. 18, 1903. Mr. Smith, Burley, Wash. Dear
Sir: In reply to yours of 14th will say: We will get patent
from McCook, or if you have started to get the patent, go

ahead and get it.   It makes no difference to us, just so the sale is closed all right, soon as possible.   Make deeds and send to Bank of Alma, with full instruction regarding closing of sale.   Instruct bank to pay me $100 commission, pay all necessary expense, such as you stated you would pay, taxes, if any are due, and get records to date. Mr. Lutejeharms will pay for abstract.   Please let me hear at once.   Respt., O. H. Myers."   He answered as follows: "Burley, Wash., Sep. 22, 1903.   Mr. O. H. Myers, Alma, Neb.   Mr. Myers I received notice the same day that I rote you last (the 14 inst.) from F. P. Fox of Republican that he had sold same the land.   Pleas see Mr. Fox and see if the matter can be straeightened without eny hard feelings in the neighborhood.   Now if you will look at my first letter you will find that I stated that I would not hold the land for you so I am not to blame in the least. Yours truly, M. E. Smith.   P. S. The reason I did not write you before was that I was in hopes that you would insist on my furnishing abstracts."   Thereupon appellee instituted this action, of which appellant was informed by a communication from the agent Myers.   Upon being informed of the commencement of the action, appellant wrote, on the back of agent's letter, this communication to Mr. F. P. Fox: "Burley, Wash., Oct. 14.   Mr. F. P. Fox, Republican, Neb.   Just received this now Leola wrote the letter and I signed it as I was eatin breakfast but in same letter stated that I would not furnish abstracts so it shows that I was not well pleased, and I do not consider the sale cloased but perhaps the courts would hold that I was bound as they excepted the conditions now that letter myne was dated the 14 the same as your & Hausermans was now unless we can show that the land was in your hands for sale and I had no right to sell without notifying you (that is close deal) perhaps they have us on their hip now do as you think best and I am with you.   M. E. Smith." The trial resulted in a decree requiring the performance of the contract, and the case is here for review.

It is urged that the agent was not authorized to enter

into a written contract for the sale of appellant's land. It seems unnecessary, however, to determine that question. The letters contain all the elements of a contract, which was in all respects ratified by appellant, with the single exception of that portion of it which required him to furnish an abstract of title. He said, however, in that regard: "I do not feel like standing the expense of securing an abstract. If Mr. Lutjeharms wishes to stand the expense all right." The only reasonable deduction to be drawn from his letter of September 14, 1903, is that he would carry out the terms of the agreement made by his agent, except the item of expense for an abstract. This was expressly waived in the next letter to him; in other words, the conditions of sale proposed by him were accepted. His subsequent communication to Myers discloses that he considered his obligation to convey the land complete, provided the abstract was not insisted upon. His letter to Fox discloses that he treated his conditions of sale as having been accepted and that he was bound thereby, unless a possible defense suggested by him could be interposed. The appellee tendered in court $3,050, the remainder agreed upon as the purchase price. The conclusion is irresistible that there was an unqualified acceptance of the terms of sale proposed by the appellant himself, and that he is bound thereby. It is urged, however, that it appears from one of appellant's letters that he does not own a portion of the land. The rule, however, is that where the vendee is willing to accept the vendor's title, the vendor cannot set up as a defense to the action a defect in his title. *Gartrell v. Stafford,* 12 Neb. 546.

The judgment of the district court was right, and we recommend that it be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.