THOMAS C. JOHNSON, APPELLEE, V. A. H. HIGGINS, APPELLANT.

FILED JUNE 20, 1906.   No. 14,400.

1. **Specific Performance: DEFAULT.** Neither party to an executory contract for the purchase and sale of lands can put the other party in default without a readiness and offer to perform on his own part, but for the purposes of an action for a specific performance a formal, technical tender is not indispensable, and an express repudiation of the contract and refusal to perform it by one party excuses the other from any subsequent formal offer or tender.

2. ———: **TENDER.** It is not indispensable in an action for the specific performance of an executory contract for the purchase and sale of lands that the plaintiff should have been capable of performance at the date the contract was entered into, if he was able, ready and willing and offered to perform at the time and in the manner stipulated in the agreement.

3. **Vendor and Purchaser: CONTRACT.** An executory contract for the sale of a body of lands which includes the family homestead of the vendor and which is not signed and acknowledged by his wife is not wholly void, but is obligatory upon him, except with respect to the homestead tract, and such a contract is therefore not open to the objection of want of mutuality.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. C. Robinson* and *C. H. Whitney,* for appellant.

*W. D. Funk* and *A. A. Welch, contra.*

AMES, C.

There is no substantial dispute about the facts in this case. Johnson, the appellee, was the owner in fee of 387

acres, including his family homestead, of lands situated in
Cedar county in this state and was also the owner of
leases from the state of 520 acres of adjoining school
lands, but he was indebted to one Abbott, who held as
security an assignment of the leases and also a mortgage
on the lands owned in fee.   There was, besides, a small
judgment against Johnson which would have been a lien
upon his lands except for its dormancy.   This state of
facts was known to A. M. Merrill and the appellant,
Higgins, who in May, 1902, entered jointly into a written
contract with Johnson for the purchase of the land and
leases for an agreed price of $15,000, of which $500 was
paid in cash and the residue was agreed to be paid on
March 1, 1903, upon conveyance and assignment to them
of an unincumbered title to the land and leases.   Mrs.
Johnson, the wife of the appellee, did not sign the contract.
The first day of March fell on Sunday, but on the third
day of the month Johnson, having provided himself with a
deed properly executed and acknowledged by himself and
wife and purporting and competent to convey the title to
the lands in fee to his vendees, sought out the latter for
the purpose of consummating the sale pursuant to the con-
tract.   At and before that time there had been some con-
versation relative to an extension of the time of payment
of the mortgage debt upon the existing security and the
deduction of the amount thereof from the purchase price,
upon an assumption of it by the purchasers, but no
definite or final agreement to that effect had been made,
and an abstract with which Johnson had armed himself
showed the continued existence of the mortgage, and the
leases and the assignments of the latter were still in the
possession of Abbott, who, it was at first contemplated
by the parties, should be satisfied for the indebtedness to
him, out of the purchase price, simultaneously with the
making of the conveyances contemplated by the contract
of sale, and who was at the same instant to assign the
leases and execute a release and discharge of the mortgage.
This arrangement was known and satisfactory to Abbott,

who was willing and ready to comply with it.   On the 3d of March Higgins told Johnson that Merrill was away from home, but that on his return on the following day they would inform him, Johnson, what they desired or intended to do.   On the next day Johnson informed both his vendees that he was able, ready and willing to complete the transaction, including the payment and satisfaction of the dormant judgment, and the procurement of the presence of Abbott and his discharge of the mortgage and assignment of the leases, and the delivery of the above mentioned deed executed and acknowledged by himself and wife, upon the payment by them of the residue of the purchase price, or he would comply with any arrangement they should be able to make with Abbott for the extension of the mortgage debt and its deduction from the purchase price.   Both these offers the vendees declined, and they then informed the vendor that they had finally decided not to carry out the contract of purchase.   Eight days later, on the 12th of the month, this action was begun by Johnson to obtain a specific performance of the contract, which he was at the time of the trial and had been at all times able, willing and ready to perform on his own part.   Merrill had departed from the state and was not served with process, but judgment as prayed was rendered against Higgins, who prosecutes this appeal.

Time was not of the essence of the contract.   A formal tender of the deed and of assignments of the contracts was not incumbent upon the plaintiff, at least until his vendees had signified a readiness and willingness to perform the contract on their part.   The delivery of these instruments and the payment of the purchase price were required by the contract to be simultaneous acts.   Neither party could have put the other in default without having first offered performance on his own part, but an offer made in good faith and with ability to perform, if declined by the opposite party, excused a formal tender.   *Frenzer v. Dufrene,* 58 Neb. 432; *Harrington v. Birdsall,* 38 Neb. 176; *Wasson v. Palmer,* 17 Neb. 330; *Kellogg v. Lavender,*

9 Neb. 418. When the vendees notified Johnson that they repudiated the contract and would not comply with its obligations, they excused him from making any subsequent formal offer or tender. The law does not require the doing of a vain thing.

Counsel for defendant contends that the contract containing a stipulation for a conveyance of the vendor's homestead as well as other lands, and not having been signed and acknowledged by the wife, was void as to the homestead, and therefore lacked that degree of mutuality requisite for the maintenance of this action. In other words, it is urged that, unless the right and obligation of specific performance are existent and reciprocal at the date a contract is entered into, they can never come into being at all, and authorities of undoubted weight and respectability are cited in support of this proposition; but decisions equal in number, and of at least equal weight, might be cited to the contrary, and these latter have, moreover, received the approval of and been adopted by this court. In *Bigler v. Baker*, 40 Neb. 325, this court, in an opinion by Mr. Justice Post, after discussing the question at some length and citing many decisions, say: "But the true rule is believed to be that want of mutuality in such cases is not a valid objection, even to decree of specific performance, where the moving party has performed all of the conditions imposed upon him, and brought himself clearly within the terms of the agreement." This decision was cited and expressly reaffirmed in the recent case of *Watkins v. Youll*, 70 Neb. 81, and ought not to be longer questioned. But the lack of mutuality supposed by counsel has never existed in the contract in suit. The absence of the signature and acknowledgment of the wife did not avoid the entire instrument, but affected it, so far as the rights of the vendees were concerned, simply as would have done an omission of a description of the homestead from the covenant to convey. With this exception their right to demand specific performance or to recover damages for a breach of the contract was precisely the same

as in any other case. This is the point essentially involved and decided by this court in the recent case of *Lichty v. Beale*, 75 Neb. 770. They are not in a position to complain because the plaintiff, before he could demand specific performance, was compelled to offer more than, under the contract, they could have required of him. No fraud is charged or was practiced. At the time the vendees entered into the contract, they were not ignorant of the facts and are presumed to have known the law. They knew, therefore, to what extent the agreement was reciprocally obligatory, and upon what terms and conditions specific performance could be successfully demanded of them, and no reason has been suggested why they should be released from their covenants.

Other propositions urged by the defendant are involved in the foregoing and therefore do not require separate treatment. The decree requires that the defendant accept the conveyance and assignments stipulated for in the contract and pay to the plaintiff, or into court for his use, the unpaid residue of the purchase price, with interest and costs, and that in default of such payment execution issue therefor. Of course, upon the instant that such payment shall be made or compelled, the title to the land and leases will vest in him and the identical transaction contemplated by the contract will have been consummated.

It is recommended that the judgment be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.