Anderson v. Schertz.

LOUIS C. ANDERSON ET AL., APPELLANTS, V. JOSEPH A.
SCHERTZ ET AL., APPELLEES.

FILED SEPTEMBER 26, 1913.   No. 17,302.

1. Homestead. As our statute uses the term "homestead." it means
the house and parcel of land where the family reside and which
is to them a home. *Galligher v. Smiley,* 28 Neb. 189; *Meisner v.
Hill,* 92 Neb. 435.

2. ——: CONVEYANCE. Under section 4, ch. 36, Comp. St. 1905, any
conveyance or incumbrance made of the homestead is absolutely
void unless executed and acknowledged by both husband and
wife. *Horbach v. Tyrrell,* 48 Neb. 514.

3. ——: ——: VALIDITY. A contract in writing to convey a home-
stead, which has been signed by both husband and wife, but
which they have not acknowledged, is void, and will not be in any
way enforced.

4. ——: ——: ——. The homestead means something more
than and different from the $2,000 exemption which the statute
allows the homestead claimant as against the claims of creditors;
it means the actual home of the family, including the land and
buildings which constitute the same, and the possession and
ownership of all which may be successfully defended by either
husband or wife during the marriage state against the independ-
ent acts of either, and against the void acts of either, or both;
and it is this homestead to which the survivor succeeds after
the death of the husband or wife, and in which such survivor
will hold the life estate. *Meisner v. Hill,* 92 Neb. 435.

5. Specific Performance. The court will not attempt to make a new
contract for the parties litigant which they did not make them-
selves, nor will it enforce new conditions which could not have
been within the minds of the contracting parties, nor will it en-
force a contract which does not contain the substance of the
agreement made.

APPEAL from the district court for Hamilton county:
GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*J. H. Grosvenor, Wilcox & Halligan* and *J. G. Mother-
sead,* for appellants.

*Hainer, Craft & Aylsworth* and *Patterson & Patterson,
contra.*

HAMER, J.

This action was brought to enforce the specific performance of a written contract for an exchange of lands. This contract covers certain lands in Deuel county, in this state, and 280 acres of land situate in Hamilton county, the property of the defendants, who are husband and wife. The district court refused to enforce specific performance of the contract, and rendered judgment dismissing the plaintiffs' action. From this judgment the plaintiffs have appealed.

We do not deem it necessary to consider all the reasons urged by the appellants for a reversal of the judgment, as, in our opinion, there exists a reason why the plaintiffs are not in any event entitled to the specific performance of the contract.

One hundred and sixty acres of land belonging to the defendants was occupied by them and is claimed by them as a homestead. The contract sought to be enforced was signed by both defendants, but it was *not acknowledged by either of them.* Section 4, ch. 36, Comp. St. 1905, reads: "The homestead of a married person can not be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and. acknowledged by both husband and wife." In *Horbach v. Tyrrell,* 48 Neb. 514, the statute is quoted, and it is said: "The obvious purpose of this statute is to render all conveyances or incumbrances made of a homestead absolutely void unless such conveyances are not only signed and witnessed but acknowledged by both the husband and the wife." In the second point in the syllabus in that case it is said: "A conveyance of real estate, such real estate being the homestead of the grantors, is, unless acknowledged, absolutely void."

In *Blumer v. Albright,* 64 Neb. 249, the wife signed the instrument, but she stated to the justice of the peace who took the acknowledgment that the deed was not her voluntary act, and that she had been forced to sign it by

being threatened with the sheriff; but she finally told him that he could go ahead and take the acknowledgment, still persisting, however, that it was not her voluntary act. This court held that the wife's acknowledgment under the circumstances was not such an acknowledgment as was contemplated by the statute, and that "under the statutes of this state the conveyance of a homestead without the acknowledgment of the wife is absolutely void." In the syllabus it was said: "Under the laws of this state, the acknowledgment of the wife to a deed conveying the homestead is essential to its validity."

In *Buettgenbach v. Gerbig*, 2 Neb. (Unof.) 889, the statute in question was quoted, and it was said: "From the holdings of this court it would seem that we have firmly established the doctrine in this state that the statutory provisions for the conveyance or incumbrance of the homestead are exclusive. In other words, there is no power by which homesteads can be conveyed or incumbered other than by a substantial compliance with the statute, and this would mean only by an instrument in writing, executed and acknowledged by both husband and wife for that purpose. * * * A construction of a statute which results in nothing but annullments of its provisions cannot be upheld."

In *Whitlock v. Gosson*, 35 Neb. 829, the wife was confined in an insane asylum in another state, while the husband with his children resided on the homestead in Nebraska. Judge Post, speaking for this court, says: "The statutory provision for the conveyance or incumbrance of the homestead is exclusive." He then quotes the statute, and says: "Here is a plain prohibition against the incumbrance of the homestead without the joint act of both husband and wife. It contains no exception with respect to an absent or insane husband or wife. Had Mrs. Gosson, defendant's wife, been in fact a resident of this state and her domicile the premises in controversy, it is plain that she would have been incapable of relinquishing her homestead right, and a mortgage executed by her hus-

band would have been ineffectual for the purpose of creating a lien thereon.  And it requires no argument to prove that on account of her absence from the state she could (not) accomplish by indirection that which she was incapable of doing by her voluntary act."  In the same case the contention was made that the husband had represented himself in the mortgage to be a single man, and therefore that he was estopped from claiming his homestead right. Judge POST said: "Estoppel will not supply the want of power, or make valid an act prohibited by express provisions of law.  The statute in effect declares a conveyance or incumbrance of the family homestead by the husband alone void, not only as to the wife, but also as to the husband himself.  Therefore neither is estopped from asserting the homestead right as against the grantee or mortgagee.  Such is the view sanctioned by the clear weight of authority and supported by the soundest reasoning."  It has frequently been held that an instrument purporting to convey the homestead is absolutely void unless it is acknowledged.

It is contended by appellants that a conveyance is good as to all the interest of the defendants in their land, except as to the homestead of $2,000 in value, and that they are entitled to a specific performance of the contract, except as to the homestead and compensation by abatement of $2,000 in the amount of the purchase price.  Foundation for this position can, perhaps, be found in some of the expressions of this court, which were recently reviewed and overruled in the case of *Meisner v. Hill*, 92 Neb. 435.  In that case it was held that the limitation of the homestead to $2,000 is solely for the purpose of fixing the rights of the homestead claimant as to creditors, and that this limitation did not apply as between the surviving widow and the heirs of the deceased.

In *Galligher v. Smiley*, 28 Neb. 189, Chief Justice REESE, delivering the opinion of this court, said: "In its inception a homestead is a parcel of land on which the family resides, and which is to them a home."

In *Palmer v. Sawyer*, 74 Neb. 108, the definition of Judge REESE was quoted with approval. In the syllabus in that case it is said: "A debtor who has acquired a homestead does not lose his right to the exemption, where he continues to occupy the property as a home, though, by reason of death and the removal of his family, he has no one living with him." In the body of the opinion it is said: "There is no provision in our statute for the determination of the homestead right when once acquired, except by death or voluntary action of the party acquiring it. The statute which provides for a homestead for the head of a family, who is unmarried when the homestead is selected, does not limit the right of its enjoyment to the time during which the premises are occupied by the dependent members of the family jointly with the owner." We think it follows from the authorities cited that the contract in question is void as to the entire homestead tract of 160 acres. The contract was not acknowledged, and the quarter section occupied as a homestead by the defendants cannot be taken from them under this contract, because it was not acknowledged, and because of the further reason that the land is exempt as a homestead.

Having determined that the contract cannot be enforced as to the homestead, should it be enforced as to the remainder? While contending that the homestead was limited to a tract of land of $2,000 in value, appellants ask for enforcement of the contract as to the remainder, and compensation for the homestead. The evidence shows the land of defendants to be worth from $125 to $150 an acre, or the homestead is worth from $20,000 to $24,000, an amount greatly in excess of that part of the purchase price which the plaintiffs were to pay in money. The homestead embraces more than half of the land of the defendants involved in the controversy. Under these circumstances, to enforce the contract with the homestead out of it, is not to enforce the contract which the parties made, but it is to make a new contract for them, a con-

tract which they never made or contemplated making. The contract enforced should be, in substance, the contract made. It would be a dangerous precedent to make and enforce a new contract between the parties to which they never gave their assent.

A careful reading of the evidence fails to satisfy us of the merit of plaintiffs' claim.

The judgment of the district court is right, and it is

AFFIRMED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.