LAURA CLARE, APPELLEE, V. AMELIA FRICKE, APPELLANT: CLARK VAN BROCKLIN ET AL., APPELLEES.

FILED MAY 4, 1918. No. 19956.

1. **Public Lands: DEATH OF ENTRYMAN: RIGHT OF HEIRS.** The wife of Fred Fricke, after his death, furnished final proofs under a timber culture entry made by her husband, when patent issued to his heirs. *Held,* that the heirs of Fricke took the entire estate in fee simple. Whether a homestead interest in the timber culture claim can exist under our statute is not decided.

2. **Homestead.** The homestead provided for by section 3076, Rev. St. 1913, is limited to 160 acres of land.

APPEAL from the district court for Knox county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Fred H. Free* and *Richard Steele,* for appellant.

*E. A. Houston* and *W. A. Meserve, contra.*

CORNISH, J.

The heirs of Fred F. Fricke (who died in 1893), as plaintiff and cross-petitioners, seek to have title quieted in them to the land in controversy, held by Fricke's wife, appellant herein, as her homestead. The trial court found against her.

The land, her husband's timber claim, is the northwest quarter of section 32. The southeast quarter of section 31, which corners with the timber claim to the southwest, was entered by her husband as a government homestead, and was afterwards conveyed to her by him as a home for the family. The house in which the family resided and all of its appurtenances were located upon this quarter. The defendant contends that the requirements of the timber culture law having been complied with by her husband before his death, six weeks before the time for final proof, he was the equitable owner of the timber claim; that a homestead right may exist as to property held by equitable title; that from the time of her husband's death to the time when she first made final proof and patent issued "to the heirs of Fred Fricke," and afterwards, the homestead character was impressed upon the land by reason of its occupation and use; that the patent issued only passed the legal title of her deceased husband; that the homestead is not limited to 160 acres of land, but that she is entitled to the whole 320 acres of land as her homestead.

After the judgment had been rendered in the district court, she filed an affidavit, setting forth that she had not selected her homestead, and that she desired to select 40 acres out of the original government homestead and 120 acres out of the timber culture tract as her homestead. This motion was overruled by the court; the court evidently believing that the government homestead, upon which the family lived and which was conveyed to her by her husband after the timber culture entry was made, constituted the family homestead. We are convinced that this decision was in conformity with the law and the evidence. While the cultivated land upon the timber culture tract was treated as a part of the whole 320-acre farm, it had never been selected as a part of the homestead by any one, and it was too late, after a judgment had been rendered against the defendant upon the issues raised by her, to attempt to change her position and assert a homestead right in part of it.

It is unnecessary to decide whether a conveyance under like circumstances by the United States "to the heirs of" a deceased timber culture entryman may ever inure in equity to the widow. The writer, however, is unhesitatingly of the opinion that the heirs take, not by inheritance, but by direct grant from the government, and that it follows that no right, title, or interest in the land can be asserted by any person except as "heir." Neither the right of dower nor the family homestead right comes by virtue of heirship; hence, they cannot be asserted. *Walker v. Ehresman,* 79 Neb. 775. A majority of the judges prefer that this question remain an open one.

The claim of homestead cannot be upheld. Section 3076, Rev. St. 1913, provides: "A homestead not exceeding in value two thousand dollars, consisting of the dwelling house in which the claimant resides, and its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land, to be selected by the owner thereof, and not in any incorporated city or village, * * * shall be exempt from judgment liens, and from execution or forced sale, except as in this chapter provided." Neither the dwelling house in which the family resided nor its appurtenances were situated upon the timber claim. It is contended by appellant that the homestead right is not limited to 160 acres of land, and that both tracts can be included in the same homestead. We are of opinion that appellant is in error in this contention. The case of *Meisner v. Hill,* 92 Neb. 435, is relied upon. It is not necessary to enter into a discussion of that case. It holds that the $2,000 "limitation is solely for the purpose of fixing the rights of the homestead claimants and the creditors, respectively." The question is put: "What is a homestead? Is it the present worth of the exemption which the statute allows against the claims of creditors, or is it the family home?" The opinion recognizes that a "homestead as provided by law," a "statutory homestead," has always existed and now exists in

Nebraska, but insists that the part exempt from the claims of creditors is not made by the statute ''the whole homestead.'' The 160-acre ·limitation upon the homestead is assumed as part of its definition.

The judgment of the trial court is

                                         AFFIRMED.

HAMER, J., dissents.