Essie E. Davis, appellee, v. Morris Merson et al.,
appellants.

Filed April 4, 1919.   No. 20259.

**Vendor and Purchaser:** Land Contract: Inclusion of Homestead.
"An executory contract for the sale of a body of lands which in-
cludes the family homestead of the vendor and which is not
signed and acknowledged by his wife is not wholly void, but is
obligatory upon him, except with respect to the homestead tract,
and such a contract is therefore not open to the objection of want
of mutuality." *Johnson v. Higgins*, 77 Neb. 35.

Appeal from the district court for Grant county:
Bayard H. Paine, Judge. *Affirmed as modified.*

*A. D. Fetterman* and *Mitchell & Gantz*, for appellants.

*Sullivan, Squires & Johnson* and *D. F. Osgood, contra.*

Letton, J.

Defendant Merson was, on July 15, 1915, the owner of
640 acres of land in Cherry county. On that day he
sold the same to the plaintiff by written contract for
$2,600. Plaintiff paid $200 by check at the time the
contract was signed, and afterwards in due time ten-
dered the sum remaining due. Defendant refused to
execute the contract. On the 16th day of August he
sold the 640 acres to defendant Beem, and with his
wife executed and delivered to him conveyance of the
same. This deed has been recorded.

Beem had full notice and knowledge of the con-
tract with plaintiff and of the fact that plaintiff was
in possession of the three quarter sections involved in
this action before he made any payment to Merson, or
received the conveyance. The answer pleads that the
640 acres described was the homestead of Merson and
his wife; was patented to Merson as a homestead by
the federal government, and that the family occupied
it as a homestead up to and including August 16

1915; that plaintiff knew the tract was a homestead; that the contract was not acknowledged by Merson; that there was no consideration for the contract; that plaintiff failed to perform its terms; that the wife of Merson never relinquished her homestead right; that, when the deed to Beem was executed, Merson and Beem believed and had legal advice to the effect that the pretended contract with plaintiff was void and without force and effect.

It also alleged that the pretended contract was a cloud upon the title of Beem and asked to have the same set aside and his title quieted.

The court made specific findings of fact, to the effect that, at the time Merson entered into the contract with plaintiff, he was a married man, the head of a family, and resided upon and occupied the southwest quarter of section 24, township 27, range 38, in Cherry county as a homestead, and that the remainder of the premises was not subject to the right of homestead; that the contract is void as to the homestead, but valid as to the remainder of the tract; that during the months of July and August, 1915, plaintiff was in possession of those three quarters for pasturage purposes, and had a large number of cattle ranging thereon; that Beem knew of her possession and knew of the existence of the contract. Plaintiff has paid into court $2,600, the full amount which she agreed to pay for the premises. The court quieted the title in the quarter section occupied as a homestead in Beem, and quieted the title in the other three quarter sections in the plaintiff.

The evidence shows that, on the day the contract was executed, Merson went to the home of the plaintiff and offered to sell his land to her. After some negotiations the terms of the contract were reached, and it was signed. The Mersons lived on the land for about a week after this contract was entered into, when they removed to Hyannis, and never occupied the land again. The evidence also shows that before Beem

bought the land he had been informed by Merson of the existence of this contract.

The real question in the case is one of law. It is contended by plaintiff that, although the contract is of no force and effect as regards the 160 acres upon which Merson and his family resided, it is valid and effectual as to the other three quarter sections. Defendant Beem, relying on the decision in *Meisner v. Hill,* 92 Neb. 435, maintains that the homestead includes the dwelling house, appurtenances, and the entire tract of land used in connection therewith, without regard to the area or value of the land comprising the homestead.

In the case of *Clare v. Fricke,* 102 Neb. 486, the *Meisner* case was examined, and it was decided that the homestead provided for by the statute is limited to 160 acres of land. In *Anderson v. Schertz,* 94 Neb. 390, also cited by defendant, the question as to whether the homestead consisted of more than 160 acres was not involved.

An agreement to convey a tract of land which includes the homestead, while it is invalid as to the homestead because not signed and acknowledged by both husband and wife, may be specifically enforced as to the remainder of the tract. *Lichty v. Beale,* 75 Neb. 770; *Johnson v. Higgins,* 77 Neb. 35.

The entire tract is in the form of a square, and the homestead was one-fourth of this square. The land is sandy in character, and used mostly for grazing purposes, except a small tract upon the homestead. The homestead is readily separable from the remainder of the tract, and there is no physical reason why specific performance should not be allowed.

Defendant also contends that to compel specific performance would be to enforce a contract which Merson never made, nor intended to make. This is a peculiar defense for a wrongdoer to attempt to set up. Plaintiff is compelled to lose the most valuable 160 acres.

If she is willing to accept the remainder of the tract at the same price she was to pay for the entire tract in full performance of the contract, defendant has no reason to complain. *Gartrell v. Stafford,* 12 Neb. 545, 551; *Meek v. Lange,* 65 Neb. 783; *Johnson v. Higgins, supra; Lutjeharms v. Smith,* 76 Neb. 260; *Moore v. Lutjeharms,* 91 Neb. 548.

Defendant's argument based upon *Anderson v. Schertz, supra,* does not appeal to us. The facts in the case are not similar. In that case the plaintiff asked for the enforcement of a contract for exchange of lands as to a tract of land exclusive of the homestead, and also requested compensation for the loss of the homestead. If there is any language in the opinion contrary to the views expressed herein it is disapproved.

The district court did not err in decreeing specific performance of the contract exclusive of the homestead. In two respects, however, the decree should be modified. The contract describes the land as being in "range 39," but by an error in the copy of the contract set out in the petition it was erroneously described as "range 38." The decree is also incorrect in this respect.

Furthermore, since Mrs. Merson did not sign the contract, her marital rights, if any, in the 480 acres were not affected thereby. The decree is therefore modified so far as to convey only the rights of Merson in the land, and is also corrected to describe the land as lying in "range 39." As thus modified, the judgment of the district court is

AFFIRMED.

CORNISH, J., not sitting.