EDWIN HUGHES, APPELLANT, V. BLANCHE DE BARBERI ET AL.,
APPELLEES.

107 N. W. 2d 747

Filed March 3, 1961. No. 34812.

*Gross, Welch, Vinardi, Kauffman & Schatz,* for appellant.

*Hugh J. Boyle* and *Bernard E. Vinardi,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit for the specific performance of a written

contract for the purchase by plaintiff from defendants of a residence property for the sum of $21,000, and for the abatement of the purchase price to compensate plaintiff for failure to furnish a permanent easement across adjoining property as provided by the contract of sale. The trial court found for the defendants and plaintiff appeals.

The evidence shows that Lee Waller and Blanche de Barberi were the owners of the record title as joint tenants. On October 9, 1958, the plaintiff Hughes executed a purchase agreement by which he offered to pay $21,000 for the property. The purchase agreement was submitted to Lee Waller and Blanche de Barberi, who accepted the offer and signed the purchase agreement. Blanche de Barberi signed the name of her husband, Louis de Barberi, to the purchase agreement. It is the contention of the defendants that the failure of Louis de Barberi to sign the purchase agreement will not authorize a decree of specific performance as to him. and therefore should not be granted against the other defendants. In disposing of this question we shall assume that the purchase agreement is in all respects a valid and binding contract of sale.

Section 30-105, R. R. S. 1943, so far as applicable here, provides: "The right of a married man or woman to inherit a part or all of the real estate of which his or her spouse was seized of an estate of inheritance at any time during the marriage, may be barred by a conveyance executed by such husband and wife while residents of this state, * * *." It seems clear that under this provision if the husband, Louis de Barberi, was seized of an estate of inheritance in the property described in the purchase agreement, he could not be divested of such interest by a conveyance of the property by the wife in which he did not join. The determining factor is whether or not Louis de Barberi was possessed of an estate of inheritance in the property which his wife held in joint tenancy with her mother, Lee Waller.

We point out that Lee Waller is a widow. Blanche de Barberi is the daughter of Lee Waller and the wife of Louis de Barberi. All are residents of Nebraska. The defendants de Barberi claim no homestead rights in the property. While it might be argued that during the existence of the joint tenancy an estate of inheritance by the husband in the joint tenancy was purely speculative in that it is conditional on Blanche de Barberi acquiring a fee title as the survivor, a question we do not here decide, yet we are of the opinion that Louis de Barberi had an estate of inheritance in the property because of the destruction of the joint tenancy by the execution of the purchase agreement by the joint tenants. This question was considered in Buford v. Dahlke, 158 Neb. 39, 62 N. W. 2d 252. We there came to the conclusion that an agreement to sell joint property executed by all the joint tenants destroys the joint tenancy. We necessarily conclude that the execution of the contract of sale in the instant case had the effect of destroying the joint tenancy, and it necessarily follows that Louis de Barberi became possessed of an estate of inheritance in the wife's interest in the property as a tenant in common, which would come to him upon her death during his lifetime.

The contract of purchase in the case before us is not void. It has the effect of a contract for the sale of the interests of the joint tenants. The husband not having signed the purchase agreement has not divested himself of his estate of inheritance.

In Zvacek v. Posvar, 118 Neb. 163, 223 N. W. 792, the court in its headnotes stated the rule as follows: "A party to a written contract for the sale of his real estate, not a homestead, will not be excused from performance because the wife did not sign the agreement and refused to join in the deed, if the other party is willing to accept conveyance by the vendor without the wife joining in the deed. * * * In such case, the court may decree specific performance of the agreement

against the vendor alone, if the other party consents thereto; the wife's marital rights in such real estate not being affected by such decree." See, also, Davis v. Merson, 103 Neb. 397, 172 N. W. 50; Gartrell v. Stafford, 12 Neb. 545, 11 N. W. 732, 41 Am. R. 767; Lutjeharms v. Smith, 76 Neb. 260, 107 N. W. 256.

The plaintiff in the instant case seeks specific performance against the joint tenants, Lee Waller and Blanche de Barberi, and the nonsigning husband of Blanche de Barberi. Since the husband did not sign the purchase agreement, specific performance may not be decreed against him. Plaintiff has not indicated by pleading or evidence that he was willing to accept a deed from the joint tenants alone, and consequently subject to the rights of the husband, Louis de Barberi, in the property. Under such circumstances a court of equity will not order a partial specific performance.

The plaintiff contends that Louis de Barberi is estopped from disputing the validity of the purchase agreement under the doctrine announced in Haugh v. Lanz, 187 Iowa 841, 172 N. W. 199; Trepel v. Sendrovitz, 119 N. Y. S. 2d 374; and Harper v. Albright, 228 Ark. 760, 310 S. W. 2d 475. Even if the rule of these cases is the law of this state, the evidence is wholly insufficient to bring this case within the scope of the rule therein announced.

Other matters assigned as error in the appeal are not discussed in view of our holding that specific performance of the purchase agreement was properly denied for the reason stated.

The decree of the district court denying plaintiff's prayer for specific performance of the purchase agreement is affirmed.

AFFIRMED.

ELLWOOD B. CHAPPELL and PAUL E. BOSLAUGH, JJ., not participating.