FRITZ E. STRUEMPLER, JR., ET AL., APPELLANTS, V. JOSEPH E. PETERSON ET AL., APPELLEES.

206 N. W. 2d 629

Filed April 20, 1973. No. 38643.

Tedd C. Huston and C. S. Marchek, for appellants.

Schaper & Schaper, for appellees.

Heard before WHITE, C. J., BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ., and HASTINGS, District Judge.

McCOWN, J.

This is an action for specific performance of an option to purchase real estate. The District Court denied specific performance and dismissed the action. We affirm the judgment.

On June 2, 1971, the defendants and the plaintiffs executed a written agreement in which the defendants granted to the plaintiffs an option to purchase the East Half of Section 7, Township 15 North, Range 25 West of the 6th P.M., Custer County, Nebraska, for $50,000. The option was irrevocable for 6 months. Although the option was signed by all the parties, it was not acknowledged. The house and other improvements were located on the southeast quarter of the section. The defendants have lived on this land continuously since their marriage in 1934 and have owned the land since 1944.

On August 4, 1971, a written acceptance of the option executed by the plaintiffs was delivered to the defendants. In July of 1971, the defendants purchased some lots in Arnold, Nebraska, with the announced intention of building a house there and moving into town. In September or early October the defendants commenced construction of a house on the property in Arnold. Con-

struction continued until January or February of 1972, when work on the house was stopped at defendants' request. At that time the house was approximately 75 percent completed. Meanwhile, the defendants continued to reside in their house on the farm and were still living there at the time of trial.

In July 1971, the defendant Peterson offered plaintiffs $1,000 not to go through with the transaction. The defendants did not sign or execute any documents other than the original option agreement. On December 30, 1971, the defendants notified the plaintiffs that defendants would not perform the agreement, returned the $1 downpayment on the option, and this action followed.

Section 40-104, R. R. S. 1943, provides in part: "The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife, except as otherwise hereinafter provided." The plaintiffs contend that this section does not apply because the farm home of the defendants was not their homestead but had been replaced by the partially constructed house in the Village of Arnold. The plaintiffs also contend that the section does not apply because an option contract is neither a conveyance nor an encumbrance.

Plaintiffs' argument rests on the theory that a homestead interest in the lots in Arnold vested at the time defendants acquired title with the intention of later occupying the premises as a residence. That contention ignores the critical fact that the defendants never abandoned their established homestead on the farm and that they can have only one homestead at any given time. There is no question that the defendants' homestead had been established on the farm since 1944. Once acquired, the homestead character continues as long as the residence is maintained on the premises. Palmer v. Sawyer, 74 Neb. 108, 103 N. W. 1088. Once established, a homestead is not abandoned until there is both

an intent to abandon and actual abandonment. See Quigley v. McEvony, 41 Neb. 73, 59 N. W. 767.

Plaintiffs' contention that section 40-104, R. R. S. 1943, does not apply because an option is neither a conveyance nor an encumbrance is ingenious but erroneous. While it may be said that an option to purchase does not in itself create an interest or estate in real estate, there is no question but that upon exercise it becomes a contract for the purchase and sale of the property. This court has consistently held that a contract to sell land constituting a homestead is void when not executed and acknowledged by both husband and wife as required by section 40-104, R. R. S. 1943. See Trowbridge v. Bisson, 153 Neb. 389, 44 N. W. 2d 810. The option contract here, insofar as it involved the homestead of the defendants, was clearly within the purview of the statute and was therefore void as to the homestead property.

The plaintiffs impliedly contend that even though the option as to the quarter section constituting the homestead may be unenforceable, the contract should be enforceable as against the remaining quarter section not constituting the homestead. Where a contract for the purchase and sale of real estate includes both homestead and nonhomestead property but is not executed and acknowledged as required by section 40-104, R. R. S. 1943, specific performance may be obtained as to the nonhomestead land with an abatement of the total purchase price, where the contract under its provisions is clearly severable as to the nonhomestead property. See Watkins v. Youll, 70 Neb. 81, 96 N. W. 1042.

That is not the case here. In this option the contract describes the land only as one full half section. It does not indicate any basis for allocation of the consideration to anything except the entire tract. To require specific performance as to the nonhomestead property here with an abatement of the purchase price for the value of the homestead land would require us to

make a contract which the parties did not make and which the evidence does not disclose that they even contemplated. In such a situation, this court will not ordinarily attempt to make a new contract for the parties which they did not make themselves; nor impose new conditions not contemplated or discussed by the parties; nor will it require specific performance of a contract which does not contain the substance of the agreement made. Anderson v. Schertz, 94 Neb. 390, 143 N. W. 238.

Plaintiffs could, of course, require conveyance of the nonhomestead land if they were willing to accept it in full performance of the agreement and pay the full contract consideration, without abatement for the absence of the homestead. See Davis v. Merson, 103 Neb. 397, 172 N. W. 50. Such a remedy is obviously inequitable here. No issues as to damages at law have been considered by the District Court nor by this court.

The option contract here included the homestead of the defendants. It was not acknowledged as required by section 40-104, R. R. S. 1943. The contract provisions apply equally to homestead and nonhomestead property, and are not severable. The District Court properly denied the equitable remedy of specific performance.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.