GLEN E. FUDGE, APPELLANT, v. MAE B. BYROM ET AL., APPELLEES.

215 N. W. 2d 71

Filed February 21, 1974. No. 39184.

Haessler, Sullivan & Inbody, for appellant.

Crosby, Pansing & Guenzel, Theodore L. Kessner, and Lynn R. Carey, Jr., for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and RONIN, District Judge.

RONIN, District Judge.

This is an action for specific performance with abate-

ment in the purchase price of a written agreement to purchase a farm. The District Court denied specific performance but awarded plaintiff purchaser judgment against the defendant Mae B. Byrom in the sum of $2,000 as provided in the liquidated damages provision of the written purchase agreement. Plaintiff has appealed. We affirm the judgment of the trial court.

The plaintiff, Glenn E. Fudge, was a tenant of an 80-acre farm in Saunders County, Nebraska, the record title owner of which was the defendant Mae B. Byrom. The defendent William Byrom was the husband of Mrs. Byrom. The farm was not the homestead of the Byroms.

Several days prior to the execution of the purchase agreement, the defendants discussed the sale of the farm with the plaintiff. William Byrom expressed a desire to retain 2 acres from the sale which was apparently never agreed to by plaintiff. On March 6, 1970, the plaintiff and Mrs. Byrom met with her lawyer, Claude Lutton of Ashland, who prepared a form contract for the sale of Mrs. Byrom's farm. William Byrom was not present and no provision was made for him to sign the contract. The plaintiff signed the form contract as purchaser, and Mrs. Byrom as the seller of the entire 80-acre tract. The plaintiff delivered his check for $2,000, the required downpayment on the $36,000 total sale price, which check was never cashed.

On the following day Mrs. Byrom informed plaintiff that her husband was upset about her signing the contract without their retaining 2 acres. Mrs. Byrom never produced the abstract of title to the farm for plaintiff's attorney to examine. On April 28, 1970, Mrs. Byrom's attorney sent a letter to plaintiff's attorney stating that the difference over the 2 acres meant there was no acceptable solution, and enclosed the plaintiff's downpayment check, and also one of Mrs. Byrom for the same amount of $2,000, the sum stated in the contract for liquidated damages in the event of either party's failure

to perform. Plaintiff refused to accept the $2,000 payment by Mae B. Byrom as damages. Plaintiff seeks in this action against both defendants specific performance of the contract with abatement of purchase price.

The contention of the defendant Mae B. Byrom that the purchase agreement was not enforceable because certain provisions and terms were omitted is without merit. Parol evidence was adduced by both parties concerning these provisions. The trial court was correct in finding a valid purchase contract existed between plaintiff and Mae B. Byrom.

The defendant William Byrom as the husband of Mae B. Byrom possessed marital rights in her real estate. William Byrom was not included in the purchase agreement and it is clear that specific performance may not be decreed against him. The failure to include William Byrom in the contract did not void the agreement. It is enforceable against whatever interest Mae Byrom possesses in the farm.

A similar question was involved in Hughes v. de Barberi, 171 Neb. 780, 107 N. W. 2d 747 (1961), in which our court stated: "It seems clear that under this provision (section 30-105, R. R. S. 1943) if the husband, Louis de Barberi, was seized of an estate of inheritance in the property described in the purchase agreement, he could not be divested of such interest by a conveyance of the property by the wife in which he did not join. * * * The husband not having signed the purchase agreement has not divested himself of his estate of inheritance. * * * In Zvacek v. Posvar, 118 Neb. 163, 223 N. W. 792, the court in its headnotes stated the rule as follows: 'A party to a written contract for sale of his real estate, not a homestead, will not be excused from performance because the wife did not sign the agreement and refused to join in the deed, if the other party is willing to accept conveyance by the vendor, without the wife joining in the deed. * * * In such case, the court may decree specific performance

of the agreement against the vendor alone, if the other party consents thereto; the wife's marital rights in such real estate not being affected by such decree.' See, also, Davis v. Merson, 103 Neb. 397, 172 N. W. 50; Gartrell v. Stafford, 12 Neb. 545, 11 N. W. 732, 41 Am. R. 767; Lutjeharms v. Smith, 76 Neb. 260, 107 N. W. 256."

The plaintiff in the instant case seeks more than specific performance of the interest of Mae B. Byrom in the purchase contract. Plaintiff's request for specific performance is coupled with a specific insistence of abatement of the purchase price. The order sought by plaintiff would for all practical purposes divest William Byrom of his rights in the farm. In the cases cited above there was no abatement of purchase price allowed with the granting of specific performance.

The only Nebraska case cited by plaintiff in support of his request for abatement is the recent case of Struempler v. Peterson, 190 Neb. 133, 206 N. W. 2d 629 (1973). In Struempler, *supra,* an option to sell real estate was signed by all the interested parties and their spouses, but was not acknowledged. A portion of the real estate was the homestead and not enforceable. Our court denied specific performance for the reason that the provisions of the contract were not clearly severable as to the nonhomestead property. Our court did state that specific performance may be obtained as to nonhomestead land with an abatement of the total price where the contract is clearly severable. All interested parties had signed the option which distinguishes it from the present case. The plaintiff cites no other Nebraska authority in support of his request for abatement in purchase price.

The discretionary remedy of specific performance should not be granted by a court of equity if it operates with injustice and oppression, and particularly with abatement of the purchase price.

In Russell v. Western Nebraska Rest Home, Inc., 180 Neb. 728, 144 N. W. 2d 728 (1966), our court stated:

"The specific performance of a contract by a court of equity is not generally demandable or awarded as a matter of absolute legal right, but is directed to and governed by the sound legal discretion of the court, dependent upon the facts and circumstances of each particular case. It will not be granted where enforcement would be unjust and may be denied when the party seeking it has failed to perform."

The facts in this case do not support a decree of specific performance with an abatement in the purchase price. The trial court properly awarded the plaintiff judgment against the defendant Mae B. Byrom for $2,000 in accordance with the liquidated damages provision of the agreement. The judgment of the District Court denying plaintiff's prayer for specific performance of the purchase agreement is affirmed.

AFFIRMED.