GUSTAVE E. POTTRATZ, APPELLANT, v. JOHN F. PIPER, APPELLEE.

FILED JANUARY 30, 1914. No. 17,535.

1. **Brokers:** CONTRACT: EVIDENCE. The written contract required by section 2628 Rev. St. 1913, may be evidenced by letters passing between the parties.

2. ——: ——: CONSTRUCTION. "When the terms of an agreement have been intended in a different sense by the parties to it, that

95 Neb. 10

sense is to prevail against either party in which he had reason to suppose the other understood it." Section 7909, Rev. St. 1913.

APPEAL from the district court for Burt county: GEORGE A. DAY, JUDGE.  *Affirmed.*

*B. C. Enyart,* for appellant.

*James A. Clark* and *E. D. Wigton, contra.*

LETTON, J.

This action was brought to recover the sum of $317.66, which plaintiff alleges is the balance of the purchase money for 317.66 acres of land sold by him; that a portion of the purchase price was paid to defendant for plaintiff's use, and that of the sum so paid the defendant retained the amount sued for. ˙ Defendant claims the $317.66 as his commission as against plaintiff for the sale of the land.  ˙

The contract between the parties is made by correspondence.

On October 24, 1909, plaintiff, who lives in the state of Oregon, wrote to defendant, who was a banker at Lyons, Nebraska, and who had looked after the renting of plaintiff's land for some years, telling·him to buy a steel windmill for the farm, and in a postscript said: "If Mr. Bengston don't want to buy the place, you try and sell it.  I want $115 an acre above commission, that is to sell it the next six months.  I will give other agents a chance to sell it too.  I looked my abstract over and it calls for this.

| Sect. | Tw. | R. | Amount of Acres. |
|---|---|---|---|
| 3 | 22 | 9 | 159 70-100 |
| 4 | 22 | 9 | 157 96-100 |

Nothing further occurred until January 18, 1910, when Piper found a purchaser for the farm and sent plaintiff the following telegram:  "Sold farm for one hundred fourteen dollars per acre.  Wire your acceptance.  John F. Piper."  On the same day he sent the plaintiff the following letter: "I just wired you that I sold the farm for · one hundred fourteen dollars per acre, net to you.  Wire

your acceptance. Now I am selling the place at your price and charging you one dollar per acre commission." On January 19, 1910, he received the following telegram from plaintiff: "Await my letter in answer to your telegram of yesterday." Receiving no further communication from plaintiff, Piper closed a contract with the purchaser, one Burmester, and on Feburary 8, sent the following letter, inclosing a draft for $1,000, which was received and retained by the plaintiff: "Not hearing from you since your telegram, I am sending herein duplicate contracts for you to sign and acknowledge. I signed up contracts with Burmester as your agent at the time of sale, and now send these as Mr. Burmester has decided to accept the terms of your letter to me in October. He wants the privilege of paying twice each year, and also pay the interest twice a year, which makes it better for you. When you sign please go before a notary public and acknowledge the contract. Send both back and I will have Mr. Burmester sign and acknowledge also. I am sending you draft for one thousand dollars as per your contract and will send balance March 1st. Also I wish you would send along your abstracts so that I can turn them over to Mr. Burmester. Sincerely yours, John F. Piper. Will return one of the contracts to you."

About the 18th of February the defendant received a letter from Mr. Pottratz, inclosing two abstracts of title and returning the duplicate contract signed and acknowledged. In this letter Mr. Pottratz calls attention to the fact that the land contained 1.92 acres more than specified in the contracts; that he had corrected the contracts, stating that he claimed $220.80 more on account of this shortage, and said further: "If the prospective purchaser, Mr. Burmester, is agreeable to this, well and good, the sale can be closed, but, if not, please let me know at once and I will return the draft of $1,000 that you sent me. * * * If Mr. Burmester is not agreeable to this, you may consider this sale with him as off and return to me my contracts." Burmester agreed to the changed contract, paid the remainder of the money then due to Piper,

who on March 5, sent Pottratz a draft for $5,310.10, being the whole amount paid, less $317.66 for his commission. Plaintiff received the contract and draft, cashed the draft, and retained the money. On March 14 plaintiff wrote a letter to Piper claiming that the amount of commission was still due, and inclosing a letter dated January 19, 1910, which he testifies he sent Piper on the same day he sent the telegram, but that it was by mistake sent to Lyons, North Carolina, and was returned to him by the post office department.

In the undelivered letter Pottratz says: "In answer to your telegram of Jan. 18 as to whether I will accept $114 per acre for my farm land in Nebraska, will say that in one of my letters to you I wrote that I would take $115 per acre above commission, which means that I want $115 *net* per acre to me." Piper making no reply to this letter, plaintiff brought this action. After the evidence was taken, each party moved for a directed verdict. The court was about to instruct, when plaintiff asked leave to withdraw his motion. This request was denied, and the court directed a verdict for defendant. Judgment was rendered accordingly, and plaintiff appeals.

The principal contention of plaintiff is that the correspondence does not create a binding contract under the provisions of section 2628, Rev. St. 1913; that before the plaintiff is entitled to recover he must show a written contract subscribed by the parties, wherein is set forth the compensation to be allowed by the owner in case of sale by the agent.

Taking all the correspondence together, we think it comes within the statute. *Bradley & Co. v. Bower,* 5 Neb. (Unof.) 542; *Holliday v. McWilliams,* 76 Neb. 324. Section 7909, Rev. St. 1913, provides: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it." Applying this principle, what is the condition in this case? In the first place Piper was authorized to sell the farm by the letter of October 24 for $115 an acre above

·commission. On January 18 he informed Pottratz he had ·sold it for $114 an· acre *net* to Pottratz; that he was selling the place at Pottratz's price and charging him $1 an acre commission. This was a specific an'd definite statement as to the purchase price and the amount of commission which he proposed to charge if the sale was completed, and was in effect a counter and modified proposition. Pottratz wired him to await his letter. No letter arriving, Piper informed Pottratz of that fact, and sent the con-.tracts for Pottratz to sign and execute. At the time these contracts were received, Pottratz knew that Piper had not received his letter, had sold for $115 an acre, an'd was charging him $1 an acre commission, so that if he closed the transaction he would only receive $114 net per acre. With this ·knowledge he signed the contracts and accepted and retained the money which had been paid thereon. He now makes the contention that the letter of February 8 stated: "Burmester has decide'd to accept the terms of your letter to me in October," and that by this letter the purchase price was fixed at $115 an acre. The acceptance by Burmester *was* at $115 an acre in accordance with the price named, but this could 'not affect the tendered contract between Pottratz and Piper, by which plaintiff was to receive $114 and Piper to receive $1 an acre commission. At the time Pottratz accepted the money and signed the contracts, he had reason to believe that Piper expecte'd to retain the $1 commission; he could not reasonably have drawn any other conclusion. It is true that he had indicated otherwise in his letter of January 19, but before he signed the contracts he was informed by Piper that, that letter had never been received. Considering the entire correspondence, we think it fully complied with the terms of the statute, and that Piper was entitled.to his commission.

Plaintiff complains of the admission of ·oral testimony as to the contents of another letter which Piper testifie'd he had received in October, 1909, and also complains that he was not permitted to withdraw his request for a directed verdict and allow the case to go to the jury. These

assignments it is not necessary to consider, because the conclusion we draw as to plaintiff's liability is based upon the facts set forth and admitted in the pleadings.

The judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.