White v. Leyden.

---

ROBERT WHITE, APPELLEE, v. GUS E. LEYDEN ET AL., APPELLANTS.

FILED DECEMBER 29, 1924.   No. 22924.

1.  Contracts: CONSTRUCTION. In construing a written contract, the words employed will be given their ordinary significance unless it appears that the parties used them in a different sense.
2.  Vendor and Purchaser: CONTRACT: CONSTRUCTION. The contract between the seller and the purchaser is construed, and the words "fall due" as used therein are *held* to have the same meaning as the word "delinquent."
3.  Mortgages: FORECLOSURE: DEFENSES. In a suit to foreclose a purchase money mortgage, an answer which alleges that the contract of sale between the vendor and the vendee bound the vendor to furnish to the vendee a complete abstract of title to the premises involved, that the vendor furnished an abstract, but it was incomplete in that it failed to show certain special assessments levied against the premises, and that the vendee performed his part of the contract in reliance upon the abstract furnished, states a defense *pro tanto*, and it is error to sustain a general demurrer thereto.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*C. C. Flansburg,* for appellants.

*Nolan & Woodland, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN and GOOD, JJ.

MORRISSEY, C. J.

This is a suit to foreclose a purchase money mortgage. In defendant's amended answer it was alleged that the agreement between the parties had been reduced to writing, and that this writing, among other things, provided that the sale was "subject also to all taxes and assessments levied after the year 1918, and to any unpaid special taxes or special assessments levied for improvements not yet completed, and to unpaid instalments of special · assessments which fall due after date hereof levied for improvements not yet completed, and to unpaid instalments of special assessments which fall due after date hereof levied for improvements completed," and that the vendor would furnish the vendee " a complete merchantable abstract of title brought down to date hereof  *   *   *   within a reasonable time.   The purchaser or his attorney, if an abstract or copy be furnished, shall, within ten days after receiving such abstract, deliver to the vendor or his agent, together with the abstract, a note or memorandum in writing, signed by him or his attorney, specifying in ·detail the objections he makes to the title, if any; or if none, then stating in substance that the same is satisfactory." A copy of the contract was attached to and made a part of the answer.   The answer also contained the allegation that the vendor caused to be delivered to the vendee's attorney an abstract of title to the premises, and that no special assessments of any kind appeared upon the abstract against the property; that county and state taxes of $121.26 were shown as then due and delinquent, which vendor subsequently paid; that the attorney attached a written statement of the condition of the title to the abstract and returned it to the party from whom it had been received.

The answer contained a statement of certain payments made, and alleged that these payments were " made in· reliance upon said abstract and the taxes shown thereon,"

notwithstanding that, " prior to the execution of said contract and the deed thereunder, special assessments had been levied for paving tax, but such assessments were all due long prior to the date of the deed and contract and became delinquent in equal annual instalments thereafter." It alleged that two instalments of the special assessment levied for paving tax subsequently became delinquent; that the premises were advertised for sale for special assessments; that defendant paid these delinquent instalments of special assessments; and when the interest on the mortgage in suit fell due, tendered the amount of the interest, less the sum paid to discharge the special assessments, to the holder of the interest coupon.

The copy of the answer set out in the transcript does not specifically state that this tender was refused. However, it was refused, and such refusal forms the basis for this action.

There was a prayer that the liability of the respective parties for the payment of the special assessments be determined, and for general equitable relief. To this answer plaintiff interposed a general demurrer. The demurrer was sustained. Defendant refused to plead further, and the court entered a decree in favor of plaintiff for the amount set out in the petition, and defendant has appealed.

Two questions are presented. Only one of these questions, we learn from the presentation in this court, was pressed upon the attention of the trial judge, namely, the language of the contract wherein it was provided that the purchaser took title " subject also to all taxes and assessments levied after the year 1918, and to any unpaid special taxes or special assessments levied for improvements not yet completed, and to unpaid instalments of special assessments which fall due after date hereof, levied for improvements completed." The controversy, it will be noted, arises over the " unpaid instalments of special assessments," and the meaning of the words " fall due," as used in the contract, becomes material.

This point was so tersely stated and the rule so correct-

ly announced by the trial judge that we adopt his language and conclusion as our own, to wit: " We are construing a contract between individuals, and the words must be given their ordinary significance unless it appears that the parties used them in a technical sense. If I say to my purchaser, ' Here are eight instalments of special taxes levied on this property, I will pay everything up to date and you are to pay all instalments which fall due hereafter,' there could be no question as to the intention of the parties that the purchaser was bound to pay all instalments which were not then required to be paid under the terms of the levy. It seems to me that it was in this sense the parties used the term ' due ' in their contract, and that the word shall be given the same meaning as ' delinquent.' "

The contract bound the purchaser to furnish a complete abstract of title. The demurrer admits that the abstract furnished was not complete, in that it did not show the special assessments then made against the property, and it admits that all payments made subsequent to the delivery of the abstract were made in reliance upon the abstract. In this state of the record, it was error to sustain the demurrer.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Contracts, 13 C. J. sec. 489—Mortgages, 27 Cyc. p. 1602; Vendor and Purchaser, 39 Cyc. p. 1633.