ANDREW G. VAN HORN, APPELLEE, V. LINCOLN SALES OUT-LET COMPANY: CHARLES A. CRIST ET AL., APPELLANTS.

FILED JUNE 1, 1934. No. 28901.

*J. J. Marx*, for appellants.

*O. B. Clark, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MESSMORE, District Judge.

MESSMORE, District Judge.

This is an appeal from the ruling of the district court for Lancaster county, wherein that court sustained a demurrer of plaintiff, appellee herein, to the cross-petition of defendants, appellants herein.

Plaintiff's petition alleges his employment by the Lincoln Sales Outlet Company, a partnership, and Charles A. Crist and Earl R. Crist; that on January 1, 1931, plaintiff at the special instance and request of defendants, and each of them, entered into the employ of defendants as manager of the Lincoln Sales Outlet Company and of the Lincoln Sales Outlet store and continued in said employment until on or about January 1, 1932; that defendants orally agreed to pay plaintiff for his services the sum of $50 a week for each and every week plaintiff was employed by defendants, and in addition thereto the sum of six cents a mile for each mile traveled by plaintiff in his automobile on the business of defendants, and further agreed to pay plaintiff in addition to said six cents a mile traveled the fair and reasonable value of each and every mile traveled by plaintiff in his automobile while he was transporting merchandise for the defendants, and that the fair and reasonable value of each mile traveled without merchandise was six cents a mile and the fair and reasonable value of each mile traveled while transporting merchandise was twenty cents

a mile. Said petition also sets forth the number of miles traveled while hauling merchandise and the number of miles so traveled without transporting merchandise, under said agreement, the period of employment, and the usual prayer for a money judgment.

To the petition defendants filed an answer, setting forth the partnership as alleged in the petition, and that on May 27, 1930, until about July 8, 1931, the partnership consisted of plaintiff, one Charles Venner, and the defendants, Earl R. Crist and Charles A. Crist; that subsequent to July 8, 1931, until on or about January 1, 1932, when plaintiff became connected with a competitive firm, the partners in said partnership consisted of plaintiff and said defendants; admits that plaintiff was general manager of said partnership business from its beginning until he became connected with a competitive business firm; alleges further that under written articles of partnership plaintiff was given general charge of the business of said firm, and was to draw no salary for his services, except to share in the profits of said partnership; admits that under the articles of partnership plaintiff was to receive for his traveling expenses six cents a mile while traveling on the firm's business for the distance actually covered, but no sum or sums whatever for hotel bills; denies each and every allegation and statement contained in the petition, except those expressly admitted, and alleging payment to plaintiff in full of his mileage actually covered in the firm's business.

Defendants also filed a cross-petition, setting forth the same subject-matter as contained in the answer, the articles of partnership in detail, the interests of the parties thereunder, the payments made, and asking for an accounting.

To the cross-petition plaintiff filed a demurrer in the following language: "Comes now the above named plaintiff and demurs to the cross-petition of Charles A. Crist and Earl R. Crist, defendants, heretofore filed herein, for the reason that the matter contained in said cross-petition is not responsive to the issues tendered by the matter set

out in plaintiff's petition, and for the reason that said cross-petition does not contain matter proper or sufficient to constitute a counterclaim or set-off to the subject of the action set up in plaintiff's petition, and does not contain matter proper or sufficient to constitute a defense to the cause of action set up in plaintiff's petition." This demurrer was sustained by the lower court, the defendants appealing from such ruling.

It is obvious from the nature of the cross-petition that the relief asked for therein was equitable in its nature, and the question here is, where an action is brought at law, which on the face of the petition would show that the cause should be tried to a jury, and the answering defendants, by cross-petition, allege relief in equity, which cause would be triable to the court without the intervention of a jury, and a demurrer is sustained to said cross-petition, should the cause proceed below as a law case or should the cause proceed below as an equity case, triable to the court without the intervention of a jury?

Section 20-812, Comp. St. 1929, in part, provides: "The defendant may set forth in his answer as many grounds of defense, counterclaim and set-off as he may have."

Section 20-813, Comp. St. 1929, provides: "The counterclaim mentioned in the next preceding section must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

It is the universal rule that a demurrer is an admission of the truth of all facts properly averred in the pleading demurred to; it admits, however, only such facts as are well pleaded and all intendments and inferences that may fairly and reasonably be drawn therefrom.

With the foregoing in mind, the plaintiff in the instant case by demurrer admitted the partnership of which he was a member and admitted that part of the articles of partnership pertaining to his duties as follows: "Andrew

G. VanHorn, party of the first part herein, shall be the general manager of the partnership business, and shall have general charge of the business of said firm, and shall be subject to the wishes of a majority of the partners, and shall consult with and answer questions as the other partners may ask relative to important matters of partnership business; and may be discharged as general manager at any time by the other three partners. Said general manager shall draw no salary for his services as general manager, but shall share in the profits of the partnership as otherwise herein provided."

Analyzing the demurrer further, that said cross-petition does not contain matter proper or sufficient to constitute a counterclaim or set-off to the subject of action set up in plaintiff's petition, the statute in reference to counterclaim and set-off cited above should be taken into consideration on this point. There is much dispute on the meaning of "subject of action," and the courts are not agreed as to its true and accurate definition or analysis. As the cause of action arises out of certain transactions and these transactions are connected with the subject of the action, it is plain that this subject must be in existence simultaneous with the transactions themselves and prior to the time when the cause of action accrued; the subject of the action must be something other than the cause of action.

In the case at bar the affirmative relief asked for by defendants in their cross-petition was one existing in their favor and against plaintiff because of the services rendered by plaintiff, and the subject of the action the compensation to be paid for such services. The direct connection with the partnership is admitted by plaintiff by his demurrer and the articles of partnership which he admits; therefore, it would be connected with the subject of the action, which, in the last analysis, can only mean the legal and direct cause from which plaintiff derived his claim, which in this case would be the compensation to be paid plaintiff for his services, and if it is true that the demurrer admits the partnership relation and the duties of plaintiff

while acting as a partner, then the subject of the action would be the relative rights of all the parties while engaged in the partnership business.

We cannot draw the fine distinction contended for by plaintiff which seeks to segregate the oral contract from the written partnership agreement when he demurs to the cross-petition, as the law is well settled upon the full purport and admission of a demurrer such as the one filed herein by plaintiff against the cross-petition of defendants.

Plaintiff contends there was a dissolution of this partnership when he left it and went to work for another firm. Section 67-127, Comp. St. 1929, provides: "No dissolution of such partnership, by the acts of the parties, shall take place previous to the time specified in the certificate of its formation or in the certificate of its renewal, until a notice of such dissolution shall have been filed and recorded in the office of the clerk of the county in which the original certificate was recorded, and published once in each week for four weeks in a newspaper printed in each of the counties, or if none are printed in the county, then in the judicial district where the partnership may have places of business." There is nothing in the record to show that plaintiff followed the law in reference to the dissolution of such partnership.

We have read the cases presented by appellee in his brief and find they are accurate statements of the law in most instances; however, in addition to the foregoing, this court has held in *Hotaling v. Tecumseh Nat. Bank,* 55 Neb. 5, as follows: "Where the answer to a petition for the recovery of damages for a breach of contract presents an equitable counterclaim which is traversed by a reply, the issues of fact thus arising are triable to the court without a jury."

In *Jewett v. Black,* 60 Neb. 173, this court held: "Where the answer to a petition in ejectment presents an equitable counterclaim which is traversed by the reply, the issues of fact thus arising are triable to the court without a jury."

The case of *Brown v. Keith,* 1 Neb. (Unof.) 649, was based on an action at law for breach of an oral contract. Defendant's answer set up an equitable defense. On the issue joined the court appointed a referee to try the issues of law and fact instead of submitting it to a jury. Plaintiff contended the case was purely a legal action, but this court held the equitable counterclaim converted the case into an equity action.

The answer standing unattacked by demurrer of course would constitute a defense. The cross-petition raises the right of equitable relief, affirmatively prayed for. We are not deciding what the lower court should or should not have done on the motion to strike the cross-petition, but decide this matter solely on the basis of the demurrer filed. In view of the holdings of this court, we are of the opinion that the demurrer should have been overruled and the cause should be tried to the court as an equity action.

REVERSED AND REMANDED.