EDWARD L. O'SHEA, APPELLANT, V. LOYAL L. SMITH ET AL., APPELLEES.

5 N. W. (2d) 348

FILED AUGUST 14, 1942. No. 31464.

*John F. Kerrigan* and *Torgeson & Halcomb,* for appellant.

*Loyal L. Smith* and *John H. Kuns, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ., and ELLIS, District Judge.

YEAGER, J.

This is an action instituted by Edward L. O'Shea, plaintiff and appellant, against Loyal L. Smith, Durland Trust Company, Durland Trust Company, trustee, and Gus Rieseberg and Emma Rieseberg, husband and wife, defendants and appellees, the purpose of which is to obtain specific performance of a contract for the sale of real estate claimed to have been entered into between the plaintiff and the defendant Loyal L. Smith.

The appeal is from the action of the district court in sustaining the general demurrer to plaintiff's petition and the judgment dismissing the action. The demurrer was sustained on the ground that the petition did not state a cause of action.

The petition sets forth that the defendant Loyal L. Smith is the owner of the beneficial interest in the real estate in question, which real estate is situated in Kimball county, Nebraska; that the Durland Trust Company, defendant, has no interest in the real estate except that it holds the naked legal title in trust; and that the defendants Gus Rieseberg and Emma Rieseberg have no interest in the controversy but are tenants in possession.

The petition further sets forth that a valid and binding written contract was entered into between the parties by written offer by the defendant Loyal L. Smith and written acceptance by the plaintiff, which offer and acceptance are contained in 23 letters and telegrams of negotiation which passed between these parties. The letters and telegrams are attached as exhibits and made a part of the petition.

The petition further sets forth that the offer of the defendant Smith was withdrawn by him after acceptance by the plaintiff.

From an examination of the petition and the exhibits it appears that negotiations began in January, 1940. On February 8, 1940, Smith made a general offer to sell the land for $1,000, with assumption of delinquent taxes by the purchaser. On July 19, 1941, plaintiff offered to purchase for $800 less the then unpaid taxes. This offer was declined July 21, 1941. By telegram on July 22, 1941, plaintiff offered $1,000 for the real estate and the assignment of lease. In response Smith stated that sale would have to be subject to existing taxes. Plaintiff replied that the sale would be satisfactory subject to 1940 and later taxes. The next direct negotiation with reference to conditions of sale was on July 31, 1941, when Smith informed plaintiff that the 1941 rents and conservation payments belonged to him, and that he would not consent that they should pass to the purchaser. He also stated that the title was such that the deal could not go through. The next communication is a protest on the part of plaintiff.

On August 4, 1941, Smith wrote plaintiff the following letter, which appears as exhibit 16 attached to and made a part of the petition:

"Yours of the 1st inst. If you will not insist on the 1941 rents nor conservation payments, the deal may go through. The Durland Trust claims a prior right of sale, but I will settle with it and give you a good title."

On the same day he sent the following communication, exhibit 17, on a post card:

"If the deal goes through, to whom do you want the deed made?"

In response to these two communications the plaintiff, on August 7, 1941, wrote the following letter which is exhibit 18:

"In this deal I would like to have the name of the grantee and the consideration left blank if you have no objection. If you feel that it is important to have the deed complete, however, you may enter the name of Edward O'Shea as grantee and make the consideration one dollar and other valuable consideration.

"Send the deed and abstract to this bank with instructions to deliver to me upon payment, subject to examination of title, of one thousand dollars less cost of bringing abstract down to date if that has not been done. It is understood that you are to retain 1941 rents and conservation payments."

Smith replied on August 9, 1941 (exhibit 19), as follows:

"I have written to Durland Trust Company to have abstract brought down and make a deed proceeding in accord with your letter to me the 7th inst. The lease of the land is and has been each year."

On August 11, 1941, Smith wrote the following:

"Good title cannot be given. Please call the deal off."

Plaintiff protested the cancelation of the transaction and in response to the protests Smith, on September 6, 1941, wrote the following letter:

"Yours of the 2d inst. received. The title to this land is of record and has been for a number of years and is notice to all as to how it is held and I cannot even get a deed satisfactory to me."

The foregoing is an outline of the essential details of the negotiations relative to the sale of the real estate in question as pleaded in the petition.

For the purposes of our consideration of this case, we begin with the proposition that the demurrer admits the truth of all facts well pleaded as well as the intendments and inferences that may reasonably be drawn from the pleaded

facts. *American Water-Works Co. v. State,* 46 Neb. 194, 64 N. W. 711; *Van Horn v. Lincoln Sales Outlet Co.,* 127 Neb. 301, 255 N. W. 36.

Also for the purpose of our consideration of this case, it being the sufficiency of the language of the petition to state a cause of action that is in question, it is the duty of this court to give to the words used in the correspondence their ordinary and popularly accepted meaning in the absence of explanation or qualification. *White v. Leyden,* 112 Neb. 774, 201 N. W. 637. There is nothing of an explanatory or qualifying character appearing in the petition or the exhibits.

The claimed contract here is not a formal one, but it is claimed by the plaintiff that the letters and telegrams, made a part of the petition, when considered together constitute a valid, binding and enforceable agreement in writing between the parties.

This contention of the plaintiff must be sustained. A valid contract in writing may be made by correspondence, and it is not necessary that there shall be a single paper signed by the parties containing all of the conditions of the contract. It is sufficient if all of the elements of a valid and binding contract are contained in correspondence passing between the parties. *Bradley & Co. v. Bower,* 5 Neb. (Unof.) 542, 99 N. W. 490; *Holliday v. McWilliams,* 76 Neb. 324, 107 N. W. 578; *Pottratz v. Piper,* 95 Neb. 145, 145 N. W. 265; *Shoff v. Ash,* 95 Neb. 255, 145 N. W. 271.

In the light of these rules, has the plaintiff pleaded a contract? In line with the presentation of the case the important question is as to whether or not there was a definite offer of sale containing certainty as to conditions, and an acceptance of the offer with its conditions before the offer was withdrawn.

A perusal of the correspondence shows that on July 22, 1941, plaintiff offered to purchase the real estate with assignment of lease for $1,000. From that date on the parties were in accord in their negotiations on the price of $1,000 subject to conditions not necessary to be stated here.

On August 4, 1941, Smith, by exhibit 16 quoted herein, made an offer to the plaintiff. By fair inference from all of the correspondence this was an offer to sell for $1,000, subject to the 1940 and later taxes, with a reservation to Smith of the 1941 rents and the conservation payments. The words of exhibit 17 further indicate that exhibit 16 was intended as an offer.

The wording of exhibit 18, hereinbefore quoted, carries a clear indication of acceptance by plaintiff.

The wording of exhibit 19, hereinbefore quoted, clearly appears to be a confirmation of a meeting of the minds of the parties, and a conclusion of negotiations relating to the sale of the real estate in question with nothing remaining except the mechanics of transfer.

In the further correspondence Smith did not make objection to any condition and neither did he seek to impose further conditions. He simply asked the plaintiff to "Please call the deal off" because, as he said, good title could not be given. Plaintiff steadfastly insisted upon performance of the claimed contract.

Applying the rules set forth, the conclusions that the petition sets forth a valid and binding contract between the plaintiff and the defendant Loyal L. Smith, and that the contract has been breached by said defendant, appear inescapable.

In the light of the further allegations of the petition, it is the opinion of the court that the petition states a cause of action for specific performance of the contract pleaded, and that the trial court erroneously sustained the general demurrer.

Other questions are discussed, but a decision of them is not necessary in the light of the views expressed.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.