EDWARD L. O'SHEA, APPELLANT, V. LOYAL L. SMITH ET AL.,
APPELLEES.

14 N. W. 2d 174

FILED APRIL 21, 1944. No. 31665.

*John F. Kerrigan* and *Torgeson & Halcomb*, for appellant.

*Kuns & Van Steenberg* and *L. L. Smith, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is the second appearance of this action in this court. The opinion on the former appearance is reported in 142 Neb. 231, 5 N. W. 2d 348. As there stated it is an action instituted by Edward L. O'Shea, plaintiff and appellant, against Loyal L. Smith, Durland Trust Company, Durland Trust Company, trustee, and Gus Rieseberg and Emma Rieseberg, husband and wife, defendants and appellees, the purpose of which is to obtain specific performance of a contract for the sale of real estate claimed to have been entered into between the plaintiff and defendant Loyal L. Smith.

The appeal on the former appearance was from the action of the court in sustaining a general demurrer to plaintiff's petition and the dismissal of the action.

The petition on the former appearance of the case here, which is the same petition that is here now, sets forth that

the defendant Loyal L. Smith is the owner of the beneficial interest in the real estate in question, which real estate is situated in Kimball county, Nebraska; that the Durland Trust Company, defendant, has no interest in the real es- tate except that it holds the naked legal title in trust; and that the defendants Gus Rieseberg and Emma Rieseberg have no interest in the controversy but are tenants in possession.

The petition further sets forth that a valid and binding written contract was entered into between the parties by written offer by the defendant Loyal L. Smith and written acceptance by the plaintiff, which offer and acceptance are contained in 23 letters and telegrams of negotiation which passed between these parties. The letters and telegrams are attached as exhibits and made a part of the petition.

The details of the negotiations and the alleged offer and acceptance as disclosed by the letters and telegrams are contained as quotations from this correspondence in the former opinion and will not be repeated here.

After consideration of the petition and the general demurrer thereto this court held that the petition did state a cause of action, and reversed and remanded the action. In the opinion it was stated:

"Applying the rules set forth, the conclusions that the petition sets forth a valid and binding contract between the plaintiff and the defendant Loyal L. Smith, and that the contract has been breached by said defendant, appear inescapable.

"In the light of the further allegations of the petition, it is the opinion of the court that the petition states a cause of action for specific performance of the contract pleaded, and that the trial court erroneously sustained the general demurrer."

On remand to the district court the defendants answered. The answer contained a general denial; a denial that the Durland Trust Company or Durland Trust Company, trustee, had any part in the negotiations for the sale of the real estate in question; that plaintiff has no legal or equitable

interest in the subject matter of the action; that the communications did not amount to a contract or one which would support an action for specific performance.

On the pleadings as thus outlined the case proceeded to trial. At the conclusion of the trial the court found in favor of defendants and entered a judgment of dismissal of plaintiff's petition. From this judgment plaintiff has appealed.

In lieu of bill of exceptions the case comes here on a case stated or "stipulation of evidence in the district court."

To the extent necessary to set it forth here the case stated shows that under a trust agreement the legal title to the real estate is in the Durland Trust Company, with an equitable interest in defendant Loyal L. Smith, which trust agreement is set forth at large in the case stated; that the defendants Rieseberg have no interest in the real estate except as tenants; an admission of the transmittal and the truth of the communications attached to the petition and considered on the former appearance of the case in this court; and a memorandum by the trial court indicating the decision and the basis therefor.

There is nothing whatever to show that any evidence was adduced interpretative or explanatory of or that had a tendency to qualify the meaning of the communications which plaintiff alleged and which this court held amounted to and was a written contract. In the former opinion it was stated:

"Also for the purpose of our consideration of this case, it being the sufficiency of the language of the petition to state a cause of action that is in question, it is the duty of this court to give to the words used in the correspondence their ordinary and popularly accepted meaning in the absence of explanation or qualification. * * * There is nothing of an explanatory or qualifying character appearing in the petition or the exhibits.

"The claimed contract here is not a formal one, but it is claimed by the plaintiff that the letters and telegrams, made a part of the petition, when considered together constitute a valid, binding and enforceable agreement in writing between the parties."

Notwithstanding this pronouncement and without any more explanation or qualification than was before this court when the pronouncement was made the district court found, and in part based its decision on such finding, that no contract existed. This action of the trial court was clearly erroneous. The former finding of this court, in the light of the absence of evidence attaching a difference to the meaning of these communications on the second appearance of the case in the district court, was binding and became *res judicata* or the law of the case. The rule announced in *Callahan v. Prewitt,* 143 Neb. 793, 13 N. W. 2d 660, as follows, is applicable here: "These findings were definite and unequivocal and, within the limits of the evidence upon which they are based, became final, *res judicata* and binding upon the parties. By an abundance of authority they became the law of the case to that extent."

The only other question requiring consideration herein is the fact that the defendant Loyal L. Smith does not have the legal title, and is unable to convey the legal title to the real estate in question because of the interest therein which is disclosed by the case stated in the Durland Trust Company. He contends that this admitted fact defeats the right to specific performance of the contract, especially in view of the fact that the record does not disclose an offer by plaintiff to accept the interest of defendant subject to the rights of the Durland Trust Company.

It is true that in the case stated there is no offer to accept specific performance subject to the rights of the Durland Trust Company. There is an offer to so take in the brief, the effect of which we do not determine. We think, however, that the record does disclose such a willingness and amounts to such an offer. The petition declares an interest in the Durland Trust Company, and of course, by this declaration and admission, the plaintiff by his action sought specific performance of the contract subject to whatever rights the Durland Trust Company had which were superior to those acquired by him under the contract which he seeks to have specifically performed. The fact that as

between him and the Durland Trust Company in his prayer he seeks to have the interest of the Durland Trust Company declared inferior to his own does not appear to have any material significance. This we think is a sufficient offer to accept in specific performance such interest as defendant Loyal L. Smith has subject to the interest of the Durland Trust Company.

This being true this phase of the case is controlled by the holding in *Lutjeharms v. Smith,* 76 Neb. 260, 107 N. W. 256, as follows: "The rule, however, is that where the vendee is willing to accept the vendor's title, the vendor cannot set up as a defense to the action a defect in his title." See, also, *Gartrell v. Stafford,* 12 Neb. 545, 11 N. W. 732; *Davis v. Merson,* 103 Neb. 397, 172 N. W. 50. The plaintiff is entitled to a decree for specific performance in accordance with the prayer of his petition.

The decree of the district court is reversed and the cause remanded with directions to the district court to decree specific performance of the contract as prayed by the petition subject however to the rights and interests of the Durland Trust Company in the real estate in question. The cause is remanded for trial between plaintiff and defendant Durland Trust Company for the purpose of determining and decreeing the rights of plaintiff under his contract as specifically enforced and the Durland Trust Company under its trust agreement in the real estate in question, the pleadings being generally sufficient to permit of litigation in this action of this question between these parties.

REVERSED, WITH DIRECTIONS.