MANSFIELD LUMBER COMPANY *v.* GRAVETTE.

Opinion delivered April 30, 1928.

32

*Dobbs & Young,* for appellant.

*Rice & Dickson,* for appellee.

HART, C. J., (after stating the facts). It is earnestly insisted by counsel for appellant that Mrs. A. L. Beason had an equitable interest in the lots described in the complaint, and that it had a lien for materials furnished by it, under the provisions of § 6906 *et seq.* of Crawford & Moses' Digest. We cannot agree with counsel in this contention. It is true that Miss Gravette executed a deed to Mrs. Beason to the lots in question, but the deed was placed in escrow with the First National Bank of Gravette, to be turned over to the grantee in the deed when the payments of purchase money were made; but, in case the payments of the purchase money were not made as expressed in the deed, the deed was to be returned to the grantor, and become inoperative. When a deed is delivered merely as an escrow to take effect upon the performance of some condition by the grantee in the future, no title passes until the condition has been

performed. *Bondurant* v. *Enis,* 152 Ark. 372, 238 S. W. 48; and *Ford* v. *Moody,* 169 Ark. 649, 276 S. W. 595.

A deed to real estate deposited with a third person, to be delivered to the grantee on the payment of notes executed by the grantee in consideration of the conveyance, operates as an escrow; and the conveyance thereof by the grantee, or sale under execution against him prior to the delivery of the deed, is inoperative. *Ober, Attawater & Co.* v. *Pendleton,* 30 Ark. 61.

It is claimed, however, by counsel for appellant that parol evidence cannot be introduced to show that the deed was on the condition above expressed. Parol evidence tending to show that it was understood that the deed was to be redelivered to the grantor upon the nonperformance of the condition by the grantee does not violate the rule that parol evidence cannot be introduced to defeat the deed. The parol evidence does not have the effect of ingrafting a condition on the deed, but merely shows that the deed was never to become operative unless the purchase price was paid. It was placed in the hands of a third party, subject to recall by the grantor if the purchase price was not paid according to the tenor or effect of the deed. The grantee never finished paying for the lots. It is true that the grantee made an initial payment, but, according to the testimony of the grantor, the accrued rentals and the damage to the property while in possession of the grantee amounted to more than the initial payment. However, if we are correct in holding that the deed was placed in escrow upon the condition that it did not become operative until the balance of the purchase price was paid, the grantee acquired no interest of any kind in the property, because she did not pay any of the balance of the purchase price, and her rights under the contract became forfeited for failure to make such payments. It is true that the grantee was in possession of the lots at the time the improvements were made, but the general rule is that there must be some element of title besides mere possession to bring the materialman within the provisions of our statute.

It is true that a contract in writing was entered into between the parties on the 28th day of February, 1926, and that its terms were changed when the deed was executed and placed in escrow on March 9, 1926; but it is well settled in this State that parties to a written contract may, subsequent to its execution, modify it by a parol agreement. *Cook* v. *Cane,* 163 Ark. 407, 260 S. W. 49. And, since a written contract may be changed or modified by a subsequent parol agreement, it was entirely competent for the parties to agree verbally to a modified or substituted performance. *Malley* v. *Quinn,* 132 Minn. 254, 156 N. W. 263.

It follows that the decree must be affirmed.