FERGUSON *v.* THE C. H. TRIPLETT COMPANY.

4-5710 134 S. W. 2d 538

Opinion delivered December 18, 1939.

*Longstreth & Longstreth,* for appellant.
*Triplett & Williamson,* for appellee.

MEHAFFY, J. The appellant filed suit in the Lonoke chancery court alleging that he made a contract with the Kentark Land & Timber Company, and attached said contract and made it part of his complaint. The contract was for the sale and rent of the lands described in appellant's complaint. He alleged that he has owned and occupied and possessed, used and claimed ownership of the same openly, notoriously, peaceably and continuously from 1917 to the present time; that at the time the contract was made R. Carnahan was the authorized agent and had authority to execute the contract; that later this land was conveyed to other purchasers and the legal title was vested in W. C. Hudson, F. H. Triplett, trustee, and they continued to recognize the contract of appellant and received payments on said contract; that he trusted the appellees to keep the accounts and deal fairly; he discovered that he had not been given proper credits and requested an accounting and was informed that his present indebtedness was more than the original contract price; he then demanded a deed and an accounting. He states that early in 1937 he learned that he had overpaid the appellees $340 and again demanded a deed and refund of the overpayment which was refused. He does not know the relative interests of the various appellees, but they have been receiving payments and receipted for part of them. They have reported to him that Triplett, trustee, was in position to make deed and that the appellant would be given a proper deed when he has paid in accordance with the contract.

The appellees filed answer denying that on February 17, 1917, the contract was entered into, and denied that appellant has owned the land continuously or in any other manner; deny that Hudson ever received, collected or receipted for any payments made by appellee, and alleged that he had no authority to do so; deny that appellant had made payments in accordance with the contract. The appellees, by way of cross-complaint, allege that the Kentark Land & Timber Company, the owner of the land at the time, made the contract to sell for $2,400, and that under such contract some payments were made and that on December 9, 1918, a new contract was entered into showing that $600 had been paid, and by inadvertence the second contract was dated the same date as the original, when the same was in fact made on December 9, 1918; that certain payments were made, an itemized statement of which is attached to the cross-complaint, showing the payments made and the taxes paid by appellees; that appellant has made no payments whatever except those set out in the account; that after the execution of said contract the Kentark Land & Timber Company conveyed said lands to the Security Trust Company as trustee, which in turn conveyed same to R. Carnahan, W. C. Hudson, and C. H. Triplett; that in 1928 F. H. Triplett, trustee, acquired all the interests of C. H. Triplett in the land; that Carnahan died in September, 1928, and that his interest was sold to Hudson and Triplett, as trustees; thereafter Hudson conveyed to F. H. Triplett, trustee, all of his interest; that default has been made in the payments; that appellant is insolvent and that said lands will not sell for a sufficient sum to discharge the indebtedness, and appellees ask for the appointment of a receiver. They ask that appellant's complaint be dismissed and that the receiver collect rents and that, upon a final hearing, F. H. Triplett, trustee, have judgment against the appellant for the amounts due under the contract, and that all the claim title and interest of appellant be foreclosed, a commissioner appointed to make sale, and for costs.

An amendment to the cross-complaint was filed asking that the contract be canceled and that the title to the lands be vested in F. H. Triplett, trustee.

The appellant filed answer to the cross-complaint denying the allegations of said cross-complaint.

The court appointed a receiver and on May 9, 1939, entered a decree finding that there was due from appellant to F. H. Triplett, trustee, the sum of $1,800 as of September 1, 1918, and that there was now due under the contract $2,158.68, and granted the appellant until January 1, 1940, to pay the amounts adjudged due under the contract. The court further decreed that if the payment was made, F. H. Triplett, trustee, should execute a warranty deed conveying the property, and if appellant fails to pay the amounts adjudged to be due on or before January 1, 1940, the contract should be canceled and title to the real estate vested in Triplett, trustee.

The appellant excepted to the ruling of the court, prayed an appeal, and the case is here on appeal.

The appellant says that the issue is whether or not the contract which Ferguson and the Kentark Land & Timber Company, by R. Carnahan, entered into is to be taken as the true contract, or whether an alleged contract signed only by Carnahan, on the basis of which Olcott kept the books, shall be the basis of computing the present status of the account, and whether two additional payments, one for $165 and one for $152.96, should be credited on the account.

The evidence is in sharp conflict as to the two contracts. Appellant contends first, however, that the contract that was not signed by Ferguson, was void under the statute of frauds, and that oral testimony cannot be introduced to vary the terms of a written contract.

It is true that a contract for the sale of land, under the statute of frauds, must be in writing. That statute provides that no action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, unless the agreement, promise or contract upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing and signed by the party to be charged therewith.

The undisputed proof, however, in this case shows that payments were made under the contract. There was, therefore, a part performance of the contract. The testimony, as we have said, is in conflict about the contract. But it clearly appears, and is not disputed, that these payments were made, and this is sufficient to take the contract out of the statute of frauds.

This court has many times passed on the question of part performance of an oral contract for the sale of land.

"The facts proved as to the payment of the purchase money and the taking of possession meet every requirement of our decisions as to the part performance of the parol contract necessary to give the vendee, Mann, the right to specific performance and to put his case out of the operation of the statute of frauds." *Arkadelphia Lbr. Co.* v. *Thornton*, 83 Ark. 403, 104 S. W. 169.

"Taking possession in pursuance of a contract of sale, together with the payment in full or in part of the purchase price, is recognized in nearly all of the jurisdictions, as sufficient part performance." *Barnstetter* v. *Barnstetter*, 115 Ark. 154, 170 S. W. 989.

It is also contended by the appellant that parol testimony cannot be received to contradict, vary, add to or subtract from the terms of a valid, written contract.

That is true, but it is also true that parties who make a written contract may, subsequent to its execution, modify it and substitute a valid oral agreement. There is no law that forbids the relinquishment of an existing contract and the substitution of a new one in its stead. *Elkins* v. *Aliceville*, 170 Ark. 195, 279 S. W. 379; *Mansfield Lbr. Co.* v. *Gravette*, 177 Ark. 31, 5 S. W. 2d 726; *Amer. So. Trust Co.* v. *McKee*, 173 Ark. 147, 293 S. W. 50; *Afflick* v. *Lambert*, 187 Ark. 416, 60 S. W. 2d 176; *Dewey Port. Cem. Co.* v. *Benton County Lbr. Co.*, 187 Ark. 917, 63 S. W. 2d 649.

"It is well settled in this state that parties to a written contract may, subsequent to its execution, modify it and substitute a valid oral agreement therefor." *Cook* v. *Cave*, 163 Ark. 407, 260 S. W. 49.

The law is settled in this state that while parol testimony cannot be received to vary the terms of a written contract, parol testimony is admissible to show that the written contract has been rescinded and an oral contract made. It is frequently impossible to show that a contract had been abandoned and a new one made, except by oral testimony.

Appellant contends that interest was not computed in accordance with the law, but he is relying altogether on the contract that was signed by him, and, as we have already said, the evidence on the question of which contract was in force was in conflict. The appellant testifies to one state of facts and the witnesses for appellees to a different state of facts, and the decision in this case depended altogether upon the facts. We think there was ample evidence to support the chancellor's finding. At any rate, we cannot say that the finding of the chancery court is against the preponderance of the evidence.

The decree is affirmed.