HARPER *v.* ALBRIGHT.

5-1474

310 S. W. 2d 475

Opinion delivered February 24, 1958.

*Thomas L. Cashion* and *John M. Shackleford, Jr.,* for appellant.

*Carneal Warfield,* for appellee.

PAUL WARD, Associate Justice. This litigation arose over the sale of land under an oral contract. Appellant, the seller, sought to avoid the sale on the ground that it was within the statute of frauds. The trial court held it was taken out of said statute by part performance, and appellant appeals from that decision.

On December 11, 1955 Odis N. Harper, appellant, and Carl Albright, appellee, entered into an oral agreement for the sale of 81.55 acres of land in Chicot County for a consideration of $3,000, $100 of which amount was paid at the time. The understanding was that appellee, the purchaser, would have a limited time to pay the balance. Appellee took possession of the land before appellant attempted to revoke the sale, but appellant

claims he did so without his permission. On January 25th or 26th, 1956, appellant told appellee the deal was off and refused to execute the oral sales agreement. A few days later appellee instituted this action to compel specific performance of the alleged oral agreement.

To better understand the issues presented, we set out below a summary of the various pleadings:

(a) February 1, 1956 appellee filed complaint against Odis N. Harper alleging the terms of the oral agreement and his willingness and ability to perform. The prayer was for specific performance.

(b) March 20, 1956 Harper filed a demurrer based on the statute of frauds, which was over-ruled.

(c) April 16, 1956, complaint amended to show appellant and his wife had conveyed the land to John Perry Murray and Bernice Murray, asking to have them and appellant's wife made parties. This was done.

(d) On September 11, 1956 appellants renewed their demurrer based on the statute of frauds and also entered a general denial.

(e) On the same day Murray and wife answered that they were innocent purchasers for value.

(f) On September 14, 1956, appellee, without objection on the part of any of the defendants, filed an amendment to his complaint alleging that he took possession of the land when he paid the $100 aforementioned and continued in possession until appellants repudiated the sales agreement, during which time he placed improvements on the land.

*One.* We cannot agree with appellants' contention that the oral contract was within the statute of frauds. Part performance may take an oral contract for the sale of land out of the statute. The sufficiency and extent of the performance is a matter of evidence. This will be discussed in connection with the next point in the case.

*Two.* It is next insisted by appellants that the court erred in finding appellee's part performance was sufficient to take the oral agreement out of the statute of frauds. Our examination of the testimony sustains the court's finding on this point.

It is admitted that appellee and Harper entered into the oral agreement, and that appellee gave Harper a check for $100 as part payment which was accepted and cashed. It is further admitted that the total purchase price was to be $3,000 and that the balance of $2,900 was to be paid later. The trial court found, and we think the evidence supports the findings, that: "Appellee was to secure a loan (on the land in question and other lands belonging to him) to pay the balance of the purchase price, and that this arrangement was made before appellant, Harper, tried to revoke the sale; At about the same time the agreement was entered into or shortly thereafter appellee entered into possession of the land by cutting timber thereon, by repairing fences, by placing cattle thereon to pasture, and by renting the "cotton allotment" for the year 1956. Part payment of the purchase price and the taking of possession by appellee took the oral agreement out of the statute of frauds. See: *Ferguson* v. *The C. H. Triplett Company.* 199 Ark. 546, 134 S. W. 2d 538, and *Person* v. *Miller Levee District No.* 2, 202 Ark. 876, 154 S. W. 2d 15.

*Three.* Is is next insisted that no tender of the purchase price was made by appellee. We think the testimony sustains the Chancellor's finding that such a tender was timely made. A few days before Christmas in 1955 the parties agreed to extend the time for securing the balance of the purchase price. On January 24, 1956 appellee's attorney wrote a letter advising Harper that an insurance company had made a commitment for a loan of the necessary funds, enclosing a deed for Harper to sign. Harper was advised by the attorney that the balance would be paid in about 10 days when the "loan fund" would be available and when the signed deed was received. Upon receipt of the above mentioned letter and deed Harper

went to appellee's home and informed him, for the first time, that he would not execute the deed. The following day appellee secured all the balance of the purchase money and went to Harper's home to pay him in full, but could not do so because Harper and his wife had already deeded the land to John Perry Murray and his wife.

*Four.* We do not agree with appellant that there was no mutuality of remedy. Since, as we have seen, the oral contract was lifted out of the statute of frauds by part performance, it became binding on both parties.

*Five.* It is objected that "the court erred in granting specific performance as to this estate by the entirety." It is true that Harper's wife was not a party to the oral agreement to sell, but appellant overlooks the fact that she joined in the deed to the Murrays, thus divesting herself of any interest in the land. Murray and his wife were parties defendants to the litigation, and they have not appealed.

*Six.* There is no merit to appellants' contention that appellee had an adequate remedy at law. The suit was for specific performance of a contract to sell land which is properly cognizable only in a court of equity.

Several other issues were injected into the trial of the case, but we have considered only the specific points relied on in appellants' brief for a reversal. Since none of these points present reversible error, as we have heretofore pointed out, the decree of the trial court is affirmed.

Affirmed.