## LAKE VILLAGE IMPLEMENT COMPANY, Inc.
### v. Crowell COX

5-5405 461 S. W. 2d 108

### Opinion delivered December 21, 1970

*Clifton Bond,* for appellant.

*James A. Ross* and *James A. Ross, Jr.,* for appellee.

J. Fred Jones, Justice. On August 10, 1968, Crowell Cox purchased some silage equipment from Lake Village Implement Company, Inc. for $5,850. He paid $1,850 in cash and the equipment was delivered to him. On the original purchase order form signed by Cox appeared

the written notation "$4,000 to be financed." After the equipment was delivered to Cox, he signed a promissory note form reciting $4,000 due October 15, 1968. He also signed and delivered three post dated checks totaling $4,000, the last one being dated October 15, 1968. The checks were dishonored by the bank for insufficient funds when they were presented for payment, and when Cox refused to deliver possession or pay for the equipment upon demand, the equipment was repossessed by replevin sued out by the company.

The company contended that it retained title in the equipment until the purchase price was paid and that in so far as it and Cox were concerned, the contract constituted a cash transaction, as evidenced by the note and the checks. Cox did not question the company's retention of title, but he contended that the balance on the purchase price was to be financed by the company over a two year period; and that under his verbal agreement with the company he owed nothing on the equipment when it was wrongfully taken under delivery order in the replevin. Cox filed a counterclaim alleging damages in the amount of $14,250 for loss of a silage crop he was unable to harvest because of the wrongful taking, and for $15,128.68 loss in the sale of cattle he was unable to feed because of the loss of the silage crop. He also counterclaimed for the down payment he had made on the equipment and for the value of a wagon, drum and hose taken along with the silage equipment.

A jury trial resulted in a judgment for a return of the equipment to Mr. Cox and for damages in the amount of $2,000. On appeal to this court the implement company relies on the following points for reversal:

"That the contract upon which the Counter-claim of the appellee is based for damages and possession of the disputed property is not to be performed within one (1) year and is not signed by any officer, agent or employee of the appellant to be

charged therewith and is within the Statute of Frauds, Ark. Stat. Sec. 38-101.

Damages for a loss of profit upon the sale of a herd of 339 head of cattle which were to be fed a growing crop of silage which was to be cut and harvested with farm machinery replevined by the appellant from appellee are too remote and speculative and dependent upon chance to be susceptible of adequate proof and to form a basis for recovery by the appellee.

That appellant was the owner of the disputed farm machinery, entitled to its immediate possession, and said farm machinery was unlawfully detained by appellee and that the verdict of the jury granting possession of said farm machinery to appellee is contrary both to the law and the evidence."

Part payment of the purchase price and delivery of the possession of merchandise is usually sufficient to take an otherwise valid contract out of the statute of frauds. *Harper* v. *Albright,* 228 Ark. 760, 310 S. W. 2d 475, see also Ark. Stat. Ann. § 68-1404 (Repl. 1957). We do not pass on the validity of the contract in this case however, for we conclude that the case must be reversed for error in the instruction No. 7 as argued by the implement company under its second and third points. For the same reason we find it unnecessary to review the evidence in this case. The trial court's instruction No. 7 reads as follows:

"If you find for the defendant, Crowell Cox, on the Counterclaim, you should award him judgment against the plaintiff, Lake Village Implement Company, for possession of the silage equipment, or its value, and you may also award him any damages that he suffered as a result of a taking of the equipment by the plaintiff.

You must then fix the amount of money which will

reasonably and fairly compensate Crowell Cox for any of the following elements sustained:

1. The fair market value of the 4 wheel wagon, cylinder and hydraulic hose taken under the order of delivery.

2. The fair market value of the defendant's silage crop immediately before the plaintiff took the silage equipment, less the reasonable expenses for harvesting that crop.

3. The sum will compensate the defendant for any and all losses he suffered by being unable to feed his cattle.

4. The down payment on the equipment in the amount of $1,850.00.

Whether any of these elements of damages have been proven by the evidence is for you to determine."

We are of the opinion that the third element of damages, as set out in the instruction as given, is too remote. *Kelly* v. *Altemus*, 34 Ark. 184, 36 Am. Rep. 6. We are of the opinion, and so hold, that the fourth element stated in the instruction simply does not constitute an element of damage available to a successful defendant in a replevin action. The recovery of possession of specific personal property is the primary object of a suit in replevin. Ark. Stat. Ann. § 34-2101 (Repl. 1962). We find no statutory authority, or case law precedent, that would permit a successful defendant in a replevin action wrongfully brought by the seller under an executory conditional sales contract, to regain possession of the replevined articles and at the same time recover the amount he had paid on the purchase price as damages for the wrongful replevy and detention.

The judgment of the trial court must be reversed

and this cause remanded for a new trial.

Reversed and remanded.

BYRD, J., concurs.

CONLEY BYRD, Justice, concurring. I agree that, under the U. C. C., Ark. Stat. § 85-2-711, Cox here as, a buyer, is not entitled to recover both the possession and the down payment on his purchase price. The election of course is the buyer's, and should he elect to recover the down payment then he would be entitled to hold the goods as security for the lien given under the statute, supra.