Estate of Robert D. INGRAM, Deceased and
FIRST NATIONAL BANK IN STUTTGART
*v.* Oscar KOCHTITZKY,

83-288                                              668 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered April 9, 1984
[Supplemental Opinion on Denial of Rehearing June 18, 1984.]

*Randall L. Gammill,* for appellant, Estate of Ingram.

*Carl J. Madsen, P.A.,* for appellant, First National Bank of Stuttgart.

*Catlett & Stubblefield,* by: *H. B. Stubblefield,* for appellee.

STEELE HAYS, Justice. This case involves the assignment rights of a purchaser of stock in a private corporation under an escrow agreement. Appellant, Oscar F. Kochtitzky, seller, and W. B. Guthrie, Jr., buyer, executed a buy/sell agreement on October 13, 1977, for the sale and purchase of eight and eight elevenths shares of stock in LaGrue Land and Irrigation Company, a farming and hunting corporation. At the same time, seller and buyer executed an escrow agreement naming Commercial National Bank of Little Rock as escrow agent. The escrow agreement provided that the agent was to hold the stock, receive the payments from the buyer and, upon full payment, deliver the stock to the buyer. Payments were due annually on January 15th of each year, with a sixty day grace period, and there was provision for a forfeiture of the buyer's interest if any payment was not timely made. The agreement prohibited prepayment, but had no restriction on assignment. The buyer made the payments in a timely manner for the years 1978, 1979, 1980, 1981 and 1982. Buyer assigned his interest under the escrow agreement to appellant, Robert Ingram[1], on February 28, 1983. Appellant tendered the 1983 annual payment to the escrow agent on March 8, 1983, which was within the grace period. Pursuant to instructions from appellee, the escrow agent did not deposit the payment in appellee's account, nor did the agent return the payment to appellant. Appellee filed suit on March 18, 1983, against the original buyer, his assignee (appellant), and the escrow agent, seeking forfeiture of the buyer's interests in the stock and an order that the stock be reissued to the seller. Appellant counterclaimed, asserting his interest in the stock and the escrow agent interplead the payment and stock certificate in question. Both parties filed motions for summary judgment and the appellant brings this appeal from summary judgment granted to the appellee.

[1]Robert Ingram is now deceased and this appeal is brought on behalf of his estate.

The appellant argues that the trial court erred in finding that Arkansas law pertaining to escrow agreements prohibits an assignment of rights by the obligor, and we agree. Our case law does not support a ruling that a party to an escrow agreement such as this who is not in default cannot assign his interest. Corbin takes note of this particular situation and readily concedes the propriety of assignment:

> . . . [I]t has been and should be held, in cases where a deed of conveyance is delivered as an escrow, or to the grantee on condition, that the grantee has a property interest before [the condition is met and the deed delivered to the grantee], . . . and one that includes a power of making conveyances to others. Doubtless these in some measure depend upon the character of the conditions upon which the escrow was delivered . . . If the subject matter is land, the grantee has an interest that will descend to his heir. *Corbin on Contracts*, IA § 249.

Additionally, there is statutory authority that provides for assignments. Ark. Stat. Ann. § 68-801 states:

> All bonds, bills, notes, agreements and contracts, in writing, for the payment of money or property, or for both money and property, shall be assignable.

The appellee and the trial court rely on escrow cases which are not applicable to this situation. See, *Ark. Supply Inc.* v. *Young*, 265 Ark. 281, 580 S.W.2d 174 (1979); *Mansfield Lumber Co.* v. *Gravette*, 177 Ark. 31, 5 S.W.2d 726 (1928). In these cases we found no identifiable interests of a defaulting purchaser to support a lien by the purchaser's creditors. The circumstances and considerations of a defaulting purchaser are not present here and those cases do not support a conclusion that an interest under an escrow agreement is not assignable. The *defaulting* purchaser triggers considerations that do not occur in a case of a simple assignment. The purchaser by defaulting, loses certain rights because he has breached the contract. No analogous situation arises in assignment. Nor have we ever held, as appellee suggests, that a purchaser under an escrow

agreement is totally lacking of *any* interest or right until the condition of the agreement is fulfilled. That reading of our cases is incorrect and would be contrary to basic equitable principles, as would be the result in this case, were we not to recognize some interest of the purchaser. In *Young* and *Mansfield, supra,* we even suggested the recognition of an equitable interest of a defaulting purchaser, but neither case was appropriate for such a finding. And in *Ober, Attwater and Co.* v. *Pendleton,* 30 Ark. 61 (1875), we sanctioned the trial court's remedy which recognized such an equitable interest.

True, we have held an assignment under an escrow agreement void, but for reasons that are readily distinguishable from the case at hand. In *Bonderant* v. *Enis,* 152 Ark. 372, 238 S.W.2d 48 (1922), Enis had executed a lease to Phillips, but through oversight, the lease did not appear in the abstract of title to the land. Enis was aware of this, but nevertheless, entered into a second lease on the same land with Bonderant. An escrow agreement was entered into, whereby the lease and the purchase money were deposited in a bank, to allow the purchaser forty-eight hours to examine title. The title appeared to be good upon examination and the parties were about to close the transaction when Bonderant discovered that the title was defective. Bonderant, in expectation of receiving a valid lease, had previously entered into a contract for the assignment of the lease for a profit of $3,000. Upon discovery of the defective title, Bonderant brought an action against Enis for breach of contract. We found Bonderant had no cause of action because he had "no right in the lease which justified him in contracting to assign it." In other words, Bonderant assigned more than he was entitled to under the escrow agreement — a valid, unencumbered lease, as opposed to a lease subject to title examination. Had Bonderant assigned his rights as they were stated in the escrow agreement, the asssignment would have been proper. In this case, Guthrie, the original buyer, did not assign to Ingram any more than he was entitled to under the escrow agreement, i.e., the right to pay off the price of the stock in annual installments. Upon fulfillment of that condition the assignee would then be entitled to whatever rights the assignor would have had

upon the fulfillments of the condition. To hold otherwise would be to sanction a forfeiture in the purest form, which equity will avoid whenever possible. See *Triplett* v. *Davis*, 238 Ark. 870, 385 S.W.2d 23 (1964); *Higgenbotham* v. *Harper*, 206 Ark. 210, 174 S.W.2d 668 (1943).

Appellee contends that the by-laws of the corporation restrict the right to transfer the stock to an individual who has not been approved by the other stockholders, hence the attempted assignment is invalid. But the Chancellor noted that appellee was no longer a member of the hunting club or a stockholder in the corporation and correctly found the appellee was without standing to raise the issue. Since we agree with the Chancellor on this point, appellant's status with respect to stockholder approval under the restrictive clause is not before us and is not resolved by this litigation. Our decision affects only the fundamental question of whether rights under an escrow agreement are assignable.

The decree is reversed and the case is remanded for the entry of a decree consistent with this opinion.

Supplemental opinion on Denial of Petition for Rehearing delivered June 18, 1984

671 S.W.2d 162

STEELE HAYS, Justice. Appellee's petition for rehearing warrants response. The assertion that by our decision we have changed the law of this State cannot be sustained, as we have never held that where assets are subject to escrow simply for the payment of a purchase price the purchaser may not lawfully assign his rights under such an agreement. The cases petitioner cites as reaching that result are distinguishable and none of them involves the factual situation here presented. Moreover, our legislature long ago announced the express policy of this State with respect to the assignment of rights under contracts for the payment of money and neither it, nor this court, has made exception simply because the parties used an escrow as the device by which to accomplish the exchange. Ark. Stat. Ann. § 68-801 (Repl. 1979). Here, the parties themselves omitted to restrict the right of assignment from their agreement, so why should the law impose a condition which they did not?

As the trial court correctly found, the appellee has no interest in the property held in escrow, except the right to receive the annual installment payments in accordance with the terms of the escrow, which in fact he has received, and to permit him to cancel the agreement, retain virtually the entire purchase price, and the property as well, only because the balance of the purchase price is tendered to him by an assignee of the purchaser, rather than by the purchaser himself, would operate as a forfeiture in the truest sense, which the law has traditionally abhorred.

Petition denied.