Talbert H. WHITE, et al *v.* Glenn CORDES, et al

CA 84-182                                    685 S.W.2d 524

Court of Appeals of Arkansas
Division II
Opinion Delivered March 6, 1985

*Herdlinger, Jacoway & Stanley*, by: *Roy E. Stanley*, for appellants.

*Davis & Bracey, P.A.*, by: *Charles E. Davis*, for appellees.

JAMES R. COOPER, Judge. This case involves the validity of a bill of assurance and protective covenants. The appellees filed suit seeking to enforce a bill of assurance

against the appellants. In response, the appellants counterclaimed, alleging that the bill of assurance and protective covenants was invalid, both as to them and to those persons who might acquire an interest in the land from them. The chancellor held that the bill of assurance and protective covenants was effective as to future development of the property, but not as to the mobile home placed on the property by the appellants. From that decision, comes this appeal by the appellants, who argue that the bill of assurance is ineffective to restrict their development of the property.

In April, 1978, Rodger and Charlene Seratt conveyed approximately forty acres which they owned in Washington County, Arkansas, to Ben and Janice Williams. The warranty deed was recorded on April 17, 1978. In August, 1978, the Seratts executed a bill of assurance and protective covenants, covering the same land, which prohibited the placement of mobile homes on the property, as well as imposing certain other restrictions on development. On March 7, 1979, the Seratts contracted to sell the same land to the Whites, and a deed describing the land was placed in escrow. The Whites subsequently moved a mobile home onto the property. The bill of assurance and protective covenants was recorded on May 24, 1979, and then, on May 12, 1980, Ben and Janice Williams reconveyed the subject lands to the Seratts.

The chancellor determined that the 1980 conveyance from the Williamses to the Seratts inured to the benefit of the Whites under the doctrine of after-acquired title; that the bill of assurance, once recorded, constituted notice to White of its provisions, and that, therefore, from and after the time of recordation, White was subject to the restrictions contained in that document. However, the chancellor held that the mobile home was placed on the premises prior to the date the Whites were bound by constructive notice, and therefore the Whites should not be required to move the mobile home.

The common law doctrine of after-acquired title is codified in Ark. Stat. Ann. Section 50-404 (Repl. 1971), and provides that:

If any person shall convey any real estate by deed purporting to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal title in such lands, but shall afterwards acquire the same, the legal or equitable estate afterwards acquired, shall immediately pass to the grantee, and such conveyance shall be as valid as if such legal or equitable estate had been in the grantor at the time of the conveyance.

A conveyance by deed is a prerequisite to the application of the doctrine of after-acquired title under the above-cited statute. The Seratts merely executed a contract for the sale of the land and deposited a warranty deed into escrow. As stated in *Mansfield Lumber Co.* v. *Gravette*, 177 Ark. 31, 5 S.W.2d 726 (1928), "[W]hen a deed is delivered merely as an escrow to take effect upon the performance of some condition by the grantee in the future, no title passes until the condition has been performed." Therefore, by the delivery of the deed into escrow, the Whites obtained no interest in the property until they fulfilled the conditions of the escrow agreement and contract. Since that is true, and since the doctrine of after-acquired title requires a conveyance, the doctrine has no application to the facts of this case.

Because we have held that the doctrine of after-acquired title did not operate so as to relate back to the delivery of the deed in escrow, it follows that the Seratts' acquisition of a deed from the Williamses on May 12, 1980 vested title in the Seratts as of that date, rather than as of the date when the escrow agreement was signed, as the chancellor found. Thus, when the bill of assurance was recorded by the Seratts, they had no title whatsoever in the lands they sought to burden, and could not validly impose restrictions on the subject lands. See Ark. Stat. Ann., § 50-427 (Repl. 1971). The bill of assurance was ineffective to restrict the Whites' use of their land. We reverse the chancellor's decision that the bill of assurance was effective from and after the date of its recordation, and we remand for the entry of an order consistent with this opinion.

Reversed and remanded.

CRACRAFT, C.J., and MAYFIELD, J., agree.