J. W. DAVIS *v.* Purushottam O. PATEL

CA 90-66                                        794 S.W.2d 158

Court of Appeals of Arkansas
Division I.
Opinion delivered September 5, 1990

2

*Southern, Allen, & James*, for appellant.

*Hale, Fogleman & Rogers*, for appellee.

GEORGE K. CRACRAFT, Judge. J.W. Davis appeals from an order granting appellee's motion for summary judgment. He does not argue that there were material facts to be determined by the court, but that the court erred in misapplying the law to the undisputed facts.

It was undisputed that in March 1982 the parties entered into a written contract in which appellant agreed to sell a motel and its furnishings to appellee for $150,000.00, of which amount appellee agreed to pay $25,000.00 in cash at the time of closing. The remaining $125,000.00 was to be evidenced by a promissory note bearing interest at the rate of ten percent per annum, payable in monthly installments of principal and interest of $1,363.27. The contract provided that closing was to take place no later than May 31, 1982. At the time, both parties were aware of outstanding liens on the property and it was agreed in the written contract that the cash down payment and monthly installments of principal were to be applied to the satisfaction of those liens before the seller retained any of the purchase price for his own benefit.

It was admitted that the contract was subsequently modified by oral agreement to extend the time of closing. It was also orally modified to provide that of the $150.000.00 purchase price, $25,000.00 would be paid in cash at closing and the balance of $125,000.00 would be evidenced by two notes, one in the amount of $5,000.00 due and payable in December 1982, and the other in the amount of $120,000.00 payable in monthly installments of principal and interest.

The contract was further modified by oral agreement to require the appellant to make extensive repairs to the rooms within the building, to correct a leak in the underground water

pipes, and to provide hot water piping for each room in the motel at his own expense.

For reasons that are not made clear in the record, the transaction was never closed. The lienholder brought a foreclosure action and the property was sold at public sale for $85,000.00. Appellant brought this action in October 1985 to recover the difference between the contract price and that obtained in foreclosure. Appellee answered, asserting several defenses, including both the statute of frauds and the statute of limitations. Appellee filed a motion for summary judgment based on depositions filed in the case, responses to requests for admission, and other supporting documents establishing the facts as we have recited them. The trial court granted the motion and entered an order in which it found that the undisputed facts established that the written contract had been so altered by oral modification as to constitute a new oral contract subject to the three-year statute of limitations provided in Ark. Code Ann. § 16-56-105 (1987). The action was therefore barred. We find no error.

■■ We agree with the trial court that the three-year statute of limitations was applicable and effectively barred the action. Our courts recognize that, while parol testimony cannot be received to vary the terms of a written contract, parol evidence is admissible to show that the written contract has been rescinded and a new one made in parol. *Ferguson* v. *C.H. Triplett Co.*, 199 Ark. 546, 134 S.W.2d 538 (1939); *Johnson* v. *Mosley*, 179 F.2d 573 (8th Cir. 1950). While these cases involved the application of the statute of frauds, they did address the effect of oral modification of written contracts. If they can become oral for the purpose of the statute of frauds, we find no reason why they should not stand in the same position with regard to the statute of limitations.

■ Additionally, we note that the statute of frauds was also pled as a defense in this action. Here, the original contract was for the transfer of an interest in real estate and was therefore required to be in writing under the statute of frauds. Ark. Code Ann. § 4-59-101(a)(4) (Supp. 1989). The general rule accepted by our court is that such a contract cannot be modified in essential parts by parol agreement and be held valid against a plea that it is invalid under that statute. *Reynolds* v. *Havens*, 252 Ark. 408, 479

S.W.2d 528 (1972); *Valley Planing Mill Co.* v. *Lena Lumber Co.*, 168 Ark. 1133, 272 S.W. 860 (1925); *Arkmo Lumber Co.* v. *Cantrell*, 159 Ark. 445, 252 S.W. 901 (1923).

■ Appellant agrees that the governing principle is as stated but argues that it is inapplicable here under the rule set forth in *Valley Planing Mill Co.* v. *Lena Lumber Co., supra.* There, the parties entered into a written land contract which required that two notes be endorsed by a bank in Boston. It was later discovered that the bank had no authority to make such an endorsement and the parties orally agreed to substitute the endorsement of another party. The court rejected the plea that the oral modification violated the statute of frauds in the following language:

> The general rule is that a material modification of a contract within the statute of frauds must be in writing in order to be valid and binding. Such a contract cannot be modified in essential parts by parol agreement so as to be valid against a plea of invalidity under the statute of frauds. *Arkmo Lumber Co.* v. *Cantrell,* 159 Ark. 445. There is a marked difference, however, between a modification of a written contract in the essentials required to meet the statute of frauds and an agreement for a substituted method of performance not within the statute. The former is required to be in writing in order to be enforceable as against a plea of the statute of frauds, whereas the latter is valid if in parol.

168 Ark. at 1140, 272 S.W. at 863. *See also Reynolds* v. *Havens, supra.*

Appellant also argues that the oral modifications in this case were no more than a substituted method of performance. We do not agree.

■ Here, the oral modifications went beyond a mere substituted method of performance. Although the contract made time of performance of the essence, it was verbally modified to extend that time indefinitely. The oral modifications required the appellee to obligate himself to pay $5,000.00 of the unpaid purchase price by December 15, 1982, rather than in annual installments over an extended period. They also obligated the

seller to make extensive repairs, to correct leaking water systems buried in concrete, and to provide hot water lines to all the motel units. None of these obligations were contained in the written contract. These changes can only be regarded as essential elements of the agreement which are not evidenced by the required memorandum and, as such, cannot be held valid against a plea of invalidity under the statute of frauds. To satisfy the statute, a memorandum must state all of the essential elements of the agreement. *See Reynolds* v. *Havens, supra.*

Affirmed.

COOPER and MAYFIELD, JJ., agree.